## A. J. MICHAEL v. STATE.

No. 311.   Opinion Filed September 25, 1909.

(103 Pac. 1069.)

INTOXICATING LIQUORS—Violation of Enforcement Act—Information. In an information for having prohibited liquors in one's possession with the intent to violate the provisions of the enforcement act, the information must state the provision of the act which the defendant intended to violate.

(Syllabus by the Court.)

*Appeal from Craig County Court; Theo. D. B. Frear, Judge.*

A. J. Michael was convicted of violating the prohibitory law, and he appeals.   Reversed and remanded.

*Riddle & Clapham,* for appellant.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE.   On the 4th day of May, 1908, an information was filed in the county court of Craig county against the defendant, the charging part of which is as follows:

"That Jack Michael in the aforesaid county, on the 2d day of May, A. D. 1908, in the county of Craig, state of Oklahoma, then and there being, did then and there wilfully and unlawfully have in his possession fermented and intoxicating liquors, to wit, four pints of whisky, with intent to use the same in violating the law, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma."

Counsel for the defendant filed a motion to quash the information upon the ground that it did not state facts sufficient to constitute a public offense.   This motion was overruled, and the defendant reserved an exception.   The defendant was found guilty by a jury, and prosecutes this appeal.

An indictment or information must describe the offense charged with sufficient certainty to enable the defendant to understand just what he will be required to defend against at the trial,

and also to enable the court to determine from an inspection of the accusation as to whether the facts charged constitute a violation of the law. Section 1, art. 3, Enforcement Act (Sess. Laws Okla. 1907-08, p. 603, c. 69), among other things provides that it shall be unlawful for any person to have the possession of any prohibited liquors with the intention of violating any of the provisions of this act. To the extent of charging defendant with having possession of the prohibited liquors the information is sufficient. But this alone would not subject the defendant to punishment. Something more is necessary. Such possession must be accompanied by the intention and be for the purpose of violating some one of the provisions of the statute. In order to identify the offense charged, the information should have gone further, and stated the particular provision of the statute which the defendant intended to violate. The defendant would then have notice of the nature and cause of the accusation against him, and would be able to prepare for trial. The court could then examine the statute, and see if the offense charged did in fact come within any of the provisions of the statute.

For these reasons, the information is fatally defective. The judgment of the lower court is reversed, and the cause remanded, with directions to set aside the verdict of the jury, and sustain the motion to quash the information.

DOYLE and OWEN, JUDGES, concur.