## *Ex parte* JIM SPENCER.

No. A-1668.   Opinion Filed April 2, 1912.

(122 Pac. 557.)

1. **INTOXICATING LIQUORS—Information—Sufficiency.** Where an information charges the defendant with having in his possession intoxicating liquors with the intention of violating the provisions of the prohibitory liquor laws of Oklahoma, such information states an offense against the laws of this state.

2. **INDICTMENT AND INFORMATION — Objections — Waiver.** Where a defendant goes to trial, and for the first time objects to the information or indictment when the state attempts to introduce testimony thereunder, or upon appeal, or by habeas corpus, the objection should be overruled if by any intendment or presumption the information or indictment can be sustained.

3. **HABEAS CORPUS—Defects in Information.** Formal defects in an information cannot be presented by habeas corpus proceedings.

(Syllabus by the Court.)

Petition of Jim Spencer for writ of *habeas corpus.* Writ denied.

*Hargis & Sams,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   The petition for the writ of *habeas corpus* discloses the fact that the petitioner is confined in the county jail of Osage county, in the custody of the sheriff of said county, under and by virtue of a judgement and sentence rendered in the county court of said county against him for a violation of the prohibitory liquor laws of the state of Oklahoma. The punishment of petitioner was assessed at a fine of $150 and 90 days confinement in the county jail. The petitioner claims that his conviction was illegal and void because the information upon which it was obtained fails to charge any offense against the laws of the state. The charging part of the information is as follows:

"That on the 3rd day of June, one thousand nine hundred and eleven, in the said county of Osage, state of Oklahoma, the said defendant, Jim Spencer, then and there being, did then and there

wrongfully and unlawfully have in his possession certain intoxicating liquor, to wit, one quart of whisky, one quart of gin and about thirty pints of beer, with the intention of violating the provisions of the prohibitory liquor laws of the state of Oklahoma."

The objection to the information is that it does not state what section of the prohibitory liquor law petitioner intended to violate. An examination of the statute will show the offense which it creates is described in the following language:

"* * * Or to have the possession of any such liquors with the intention of violating any of the provisions of this act."

The information alleges that the petitioner had possession of the intoxicating liquors therein described "with the intention of violating the provisions of the prohibitory liquor laws of the state of Oklahoma." This language is certainly as broad as the statute. It charged the petitioner with having possession of such liquors with the intention of violating all of the provisions of the prohibitory liquor laws of the state. The first case coming before this court involving the question here presented was that of *Michael v. State,* 2 Okla. Cr. 703, 103 Pac. 1069. In that case the charging part of the information was as follows:

"That Jack Michael in the aforesaid county, on the 2nd day of May, A. D. 1908, in the county of Craig, state of Oklahoma, then and there being, did then and there willfully and unlawfully have in his possession fermented and intoxicating liquors, to wit, four pints of whisky, with intent to use the same in violating the law, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma."

In that case it is seen that the information simply charged the intent upon the part. of the defendant to use the liquors in his possession in violating the law. The defendant demurred to the information upon the ground that it did not state facts sufficient to constitute a violation of the law. This demurrer was presented at the proper time, and was overruled, and the defendant reserved an exception. The defendant was convicted. Upon appeal it was held that the demurrer

should have been sustained upon the ground that the information was too general and indefinite in not charging what law the defendant intended to violate. The information in this case is attacked for the first time after conviction, and the attempt is made by this petition for a writ of *habeas corpus.* If there is any formal defect in an information which might be cured by amendment, it is the duty of counsel to present it before the trial begins.

Where a defendant goes to trial and for the first time objects to the information or indictment when an attempt is made to introduce testimony thereunder, or upon appeal, or by *habeas corpus,* the objection should be overruled if by any intendment or presumption the information or indictment can be sustained. See *Edwards v. State,* 5 Okla. Cr. 20, 113 Pac. 214; *White v. State,* 4 Okla. Cr. 143, 111 Pac. 1010. Formal defects in an indictment can never be presented by *habeas corpus* proceedings. Even if the information in this case was defective in not pointing out the section of the prohibitory liquor law of this state which the defendant intended to violate, this defect was waived by the action of the petitioner in going to trial without making his objection in proper time. In no event could the case of *Michael v. State, supra,* be considered as authority in support of the contention of petitioner. In the case of *State v. Feeback,* 3 Okla. Cr. 510, 107 Pac. 443, Judge Owen, speaking for this court said:

"Counsel for the defendant insist that the action of the trial court in sustaining the demurrer was in accordance with the decision of this court in the case of *Michael v. State,* 2 Okla. Cr. 703, 103 Pac. 1069. The conclusions reached in the Michael case are correct under the information in that case. The information there charged the unlawful possession of the liquor, 'with intent to use the same in violating the law.' This language does not indicate what use was intended. The offense sought to be punished here is purely statutory, and consists in having the possession with the intention of violating any of the provisions of the statute. It is a rule of universal application that, when a statute creates the offense and sets out the facts which constitute it, the offense may be sufficiently charged in the lan-

guage of the statute.   Bishop in his work on criminal procedure announced the rule in this language: "The allegations must cover so many of the statutory terms as will show a *prima facie* violation of the written law, and need not cover more.'   The indictment in this case, in effect, charged the defendant with having the unlawful possession of the liquor with the intention to violate all the provisions of the statute against selling, bartering, giving away, etc.   In the Michael case, *supra*, the court said it was necessary to allege the defendant's intention to violate some one of the provisions.   The crime is none the less complete if he intended to violate all of them.   *   *   *   Possession of the liquor with the intention of violating any provisions of the statute is a criminal overt act.   This is the offense charged in the statute.   The information in the Michael case was not in the language of the statute, nor was the language used equivalent to the words of the statute.   To say that a man intends to use the liquor in violating the law does not charge any offense for the reason that it is too indefinite."

The case of *State v. Feeback, supra*, was approved and reaffirmed in the case of *Childers v. State*, 4 Okla. Cr. 238, 111 Pac. 959.   This court there said:

"In this case the information charged the defendant with having in his possession the liquor described in the information with the intention of violating the prohibitory liquor law of the state of Oklahoma.   Upon the authority of *State v. Feeback* we hold that the information in the case at bar was sufficient, and that the court did not err in overruling the demurrer thereto."

We are of the opinion that, where an information or indictment charges that the defendant was in possession of intoxicating liquors with the intention of violating the provisions of the prohibitory liquor law of the state, the defendant is thereby sufficiently notified of the nature of the offense charged against him, and that a conviction upon such an information is valid.   The writ of *habeas corpus* therefore will not issue in this cause, as we find that the petitioner is properly in the custody of the sheriff of Osage county.

ARMSTRONG and DOYLE, JJ., concur.