ROY TINER v. STATE.

No. A-9324.   Feb. 11, 1938.

(76 P. 2d 411.)

Frank Leslie, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for the State.

BAREFOOT, J. The defendant was charged with the crime of robbery with firearms in the district court of Tulsa county, was tried, convicted, and sentenced to serve a term of fifteen years in the penitentiary, and has appealed.

This is a companion case of Roy Baker v. State, 64 Okla. Cr. 10, 76 P. 2d 409, this date decided by this court. Said defendants were charged jointly with robbery with firearms. A severance was taken, and the evidence was practically the same in both cases. The defense of defendant was that of an alibi. The defendant was identified by witness, Fred Reed, as being one of the parties who entered the store with Roy Baker and assisted in the robbery of the acting manager, Chester Purcell. Mr. Reed had known him for some time and had worked with him when they were employed by Swift & Co. Immediately after the robbery was committed he called the police and gave them the name of Roy Tiner as being one of the parties who had participated in the robbery. He also testified that he had seen the defendant standing in front of the store about closing time a few nights before the robbery occurred. Defendant was arrested a few hours after the robbery was committed in company with his codefendant, Roy Baker. His testimony showed that he had been with him all the

afternoon, and had only been away from him once, a short while just prior to the robbery, when he had gone to his home, and then returned to the "High Hat Night Club," where he again met his codefendant, Roy Baker. When he was arrested by the officers at the "Ella Della Cafe" on the road to Sapulpa, he was brought to the police station and, although he was not positively identified by Mr. Purcell and Mr. Duncan, yet their description of him, and their identification of him, when coupled with the testimony of Mr. Reed, who positively identified him, was sufficient, if believed by the jury, to convict the defendant of the crime charged against him. The jury heard his alibi and decided against him.

Defendant insists that the punishment assessed by the jury is excessive. We have carefully examined the record and do not see any reason why the punishment should be decreased in this case.

The judgment of the district court of Tulsa county is therefore affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.