## ROY BAKER v. STATE.

No. A-9325. Feb. 11, 1938.
(76 P. 2d 409.)

Frank Leslie, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for the State.

BAREFOOT, J. The defendant was charged in the district court of Tulsa county with the crime of robbery with firearms, was convicted and sentenced to serve a term of fifteen years in the penitentiary, and he has appealed.

It is contended by defendant, in his petition in error, that the judgment is contrary to law, and that the court erred in failing to sustain his motion for new trial, for the reason that the evidence is insufficient to warrant the verdict, and that the penalty assessed is excessive. Counsel was appointed by the court to defend, and no brief has been filed by the defendant in this case.

The record discloses that the defendant was jointly charged with one Roy Tiner with robbery with firearms.

The evidence on behalf of the State shows .that they entered the Sipes Grocery, located at 527 North Denver street, in the city of Tulsa, between 9:30 and 10 p. m., Saturday, August 22, 1936, and by the use of a gun in the hands of this defendant held up and robbed the acting manager, Chester Purcell, of the sum of $71. The proof shows that these parties entered the store together just about closing time, and the acting manager, Chester Purcell, was in a cage which was situated about the center of the store, counting the money. The defendant Roy Baker came close to where Purcell was working and, holding a pistol on him, commanded: "Say, Buddy. It's a stick-up. Don't make any funny moves or I'll burn you down." Mr. Purcell, who was in the cage near the cash register, began to comply with his request, but attempted to pass up a $20 bill that was in the drawer of the cash register, and the defendant, Roy Baker, with his gun in his hand, said: "Come on; give it all to me; it is insured; it isn't going to cost you anything." Mr. Purcell complied with his request, giving him the sum of $71. The defendant then said: "Just go ahead like nothing has happened; when you give me this money, turn around and walk to the back room." While the defendant was holding his gun on the acting manager, Mr. Purcell, another clerk in the store, Hugh Duncan, looked up and saw the defendant with the gun in his hand holding it on Mr. Purcell. He stepped up to where defendant stood and defendant told him to go back or he would burn him down. He was in about two feet of defendant. Both Mr. Purcell and Mr. Duncan positively identified defendant as being the man who held the gun and robbed them. When the robbery had been completed, the defendant advanced to the front of the store, where he was joined by his co-defendant, Roy Tiner, who had stood in the front part of the store near the vegetable rack while the robbery was being perpetrated. They left and, as they did, Mr. Purcell hollered to other parties in the store that he had been hijacked. Mr. Reed, the butcher in the store, was in the back

talking to the night watchman, and they did not know the robbery had been committed until Mr. Purcell informed them. All of these parties saw them leave the building and enter an automobile that was parked near the front of the store. The police were immediately notified, and, after making an investigation at the scene of the robbery, about 11 or 12 o'clock called Mr. Purcell and Mr. Duncan to the police station for the purpose of having them identify a party whom they were holding as a suspect. They could not identify this party and were examining pictures in the office when the defendant, Roy Baker, and his codefendant, Roy Tiner, were brought in by the officers, they having been arrested at a roadhouse out on the Sapulpa road, several miles west of Tulsa. They were immediately identified by Mr. Purcell and Mr. Duncan as the parties who had robbed them a few hours before. They were searched and money was found on them, in their pockets, in their socks, and in the cuff of the pants of Roy Tiner. When the search was in process, the defendant, Roy Baker, remarked: "Part of that money is mine, you want to handle it careful." They found about $15.44 on both of them.

The proof of defendant was that both of said parties had visited several night clubs and roadhouses between 10 and 12 o'clock when they were arrested, and, while they claimed to be very drunk at the time of their arrest, the testimony of officers and others was that they had been drinking but were not drunk. The evidence of defendant is what is known in law as an alibi. According to his testimony he claimed he did not commit the robbery and was at another place when it was committed and is in direct conflict with the evidence of the state. He says that he had been in company with his codefendant, Roy Tiner, since about 3 o'clock on the afternoon of the robbery; that they had been drinking and about 9 o'clock they went to a restaurant known as the "High Hat Night Club," and, after remaining there a few minutes drinking beer, Roy Tiner went to his home for the purpose of getting some money;

that he returned in about 30 minutes or about 10 o'clock, and they left there and went after some whisky way out on Admiral and Peoria, and then returned to the "Ella Della Cafe" on the Sapulpa road where they were arrested. The defendant was searched at the time, and in his possession was found a .38-caliber pistol. The defendant, Roy Baker, while on the witness stand in his own behalf, testified that he had been previously convicted and served a term of five years in the penitentiary for robbery with firearms, and that he had again been convicted for a violation of the Dyer Act, 18 U.S.C.A. § 408, in the federal court, which was for transporting a stolen automobile across a state line, and had been sentenced and served a term of two years in the federal prison at Leavenworth. He also testified as follows:

"Q. Roy, do you have any way of telling this court and jury how many times you have been arrested and put on investigation? A. I don't; I couldn't count them. Q. A great many times, or just a few times? A. Several; so many that I couldn't count them."

From an examination of the testimony as above stated there can be no doubt as to its sufficiency. The jury heard defendant's alibi, and saw and heard the witnesses in this case, and we find no error in the trial. The defendant was given a fair and impartial trial, and the judgment of the district court of Tulsa county is therefore affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.