## Ex parte LeROY TINER.

No. A-10020.  June 25, 1941.
(115 P. 2d 282.)

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

H. M. Shirley, of Coalgate, for petitioner.

BAREFOOT, P. J.  Petitioner, LeRoy Tiner, has filed in this court a petition for writ of habeas corpus seeking his release from the penitentiary at McAlester, where he is now serving a term of 15 years for robbery with firearms in Tulsa county.  His petition is based upon the grounds that in the preliminary complaint filed against him in the court of common pleas of Tulsa county, he was charged with having robbed Hansel Dunbar, and that in the information filed in the district court he was charged with having robbed Chester Purcell, contending he had never had a preliminary examination for the robbery of Chester Purcell and had not been arraigned for

the robbery, and that the judgment and sentence is contrary to the laws of the state of Oklahoma and in violation of his constitutional rights. .

The Attorney General on behalf of the state has filed a demurrer to the petition.

Attached to the petition is a copy of the preliminary complaint and also a copy of the information filed in the district court. At the time of the hearing to show cause, counsel for petitioner introduced in evidence the case-made in Roy Tiner v. State, 64 Okla. Cr. 13, 76 P.2d 411, which was filed in this court on appeal of the said Roy Tiner upon the identical charge here being considered. This appeal was fully briefed and presented both by the defendant and by the state and was affirmed by this court.

In the brief on behalf of petitioner it is contended that the district court appointed an attorney to represent him and that he was not properly represented and his rights protected. We have carefully examined the record which was introduced in evidence by petitioner and find that no part of the proceedings before the committing magistrate is contained in the record. There is nothing to show whether petitioner waived preliminary examination or whether evidence was taken and the defendant afterward bound over to the district court. Under the law the presumption is that the proceedings were regular. In the recent case of Potts v. State, 71 Okla. Cr. 91, 113 P.2d 839, 841, it is stated:

"It has been the holding of this court that, where one is charged in a justice of the peace court by preliminary complaint and an examining trial has been had and the defendant held to the district court, the county attorney is authorized to file an information in the district court upon any reasonable charge which the facts at the preliminary examination justify, and that if a preliminary

is waived, as was done in this case, he may file an information in substantial compliance with the complaint filed before the justice of the peace. Rickman v. State, 70 Okla. Cr. 355, 106 P.2d 280; Little v. State, 21 Okla. Cr. 1, 204 P. 305; Wade v. State, 18 Okla. Cr. 592, 197 P. 180; Johnson v. State, 21 Okla. Cr. 17, 204 P. 311."

The presumption is that the evidence taken at the preliminary revealed facts sufficient for the filing of the information in the district court in its present form. It is revealed by the record that Chester Purcell was assistant manager of the Sipes Grocery Company, the store that was robbed by defendant and his codefendant. The general manager was absent. The record does not affirmatively show whether Hansel Dunbar was the manager who was absent. If the facts developed at the preliminary were that Chester Purcell was the party actually robbed, then the county attorney under the rule above announced would be authorized to file an information charging defendant with the robbery of Chester Purcell. In the absence of proof, the presumption is that he followed the law.

The record reveals that when defendant appeared in court for arraignment he was accompanied by his counsel, Bill Foreman. The defendant entered his plea of not guilty and the case was set for trial on November 16th. On November 10th defendant and his counsel appeared in court, and Mr. Foreman was permitted to withdraw as counsel. No motion to quash the information or demurrer thereto was filed. When the case was finally reached for trial on the 18th of November, defendant was represented by attorney C. L. Hamilton. There is no order in the record showing that he was appointed by the court, and there is nothing to show that defendant was not properly represented at the trial. The same counsel continued to represent defendant in the filing of a motion for new

trial and securing an order for the preparation of case-made at the county's expense preparatory to an appeal. The appeal was presented by other counsel, presumably employed by defendant. Under the above statement of facts, it clearly appears that habeas corpus will not be allowed to correct errors or irregularities of procedure where the court had jurisdiction of the person and subject matter. There was nothing to render the judgment and sentence void. In the case of Ex parte Robinson, 56 Okla. Cr. 404, 41 P.2d 127, the court says:

"Habeas corpus cannot be used to correct errors or irregularities of procedure, where there is jurisdiction. There must be illegality or irregularity to render the proceeding void or to constitute a want of due process before habeas corpus will lie. * * *

"(a)   The constitutional provision, article 2, § 17, Okla. St. Ann., that 'no person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such examination,' is for the benefit of an accused and which, by express terms of the Constitution, he may waive.

"(b)   The fact that accused has had a preliminary examination need not be alleged in the information or shown affirmatively by the state, the law presumes that accused has had a preliminary examination or has waived it, and when accused relies upon the want of a preliminary examination, the proper practice is to raise the question by motion to quash or set aside, before pleading to the merits.

"(c)   Objections to an information, based on the absence of any essential preliminary proceeding, should be made by proper motion or plea, before pleading to the merits.

"(d)   A preliminary examination may be waived before the committing magistrate or the entire preliminary proceedings may be waived in the trial court and

is waived by failure to file a motion to quash or set aside in apt time."

See, also, Sheller v. State, 58 Okla. Cr. 204, 52 P.2d 105; Ex parte Davis, 68 Okla. Cr. 29, 95 P.2d 915; Ex parte Newman, 67 Okla. Cr. 401, 94 P.2d 556; Ex parte Wheeler, 65 Okla. Cr. 290, 85 P.2d 434.

For the reasons above stated, the demurrer of the state to the petition for writ of habeas corpus should be sustained, and the writ denied. It is so ordered.

JONES, J., concurs. DOYLE, J., absent.