## Ex parte JAMES SHOCKLEY.

No. A-10285.    Oct. 21, 1942.
(130 P. 2d 331.)

James Shockley, in pro. per.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J.   This is an original proceeding in habeas corpus by James Shockley to secure his release from the State Penitentiary at McAlester, where he was committed from Lincoln county to serve a term of 12 years for the crime of attempt to kill, a second offense.

In the verified petition filed herein the petitioner alleges a large number of conclusions of law, but his petition does not allege any facts upon which a writ of

habeas corpus may be granted where one is committed to the State Penitentiary pursuant to a commitment from a district court of this state.

It is evident from an examination of the petition that it was prepared by some person at the state penal institution who was not an attorney, and that he has, at some time, read of opinions in habeas corpus matters by this court or some other tribunal and has incorporated in his petition all of the general allegations and conclusions of law which he could remember.

This court, in a desire to be perfectly fair in the treatment of those who are incarcerated in the penitentiary, has given consideration to every petition filed with us, whether it is prepared by the inmate himself or by an attorney selected by him. However, it would be much better, wherever possible, for the petitioner to employ legal counsel to assist him in preparing his petition so that the issues could be well defined.

In this case a response has been filed, and attached thereto is a complete transcript of the proceedings had in the case wherein the petitioner entered his plea of guilty and for which he now stands committed to the penitentiary. This response shows that the petitioner had previously served three penitentiary sentences and was thoroughly familiar with his rights in connection with court procedure. It further shows that at all times from the time of the petitioner's first arraignment before the justice of the peace on the 22nd of June, 1940, until his plea of guilty was entered on November 15, 1940, he had the benefit and advice of counsel. When he was first arraigned in the district court, after being bound over for trial from the justice of the peace court, the petitioner entered his plea of not guilty. Later, after the case had been set for trial on November 15, 1940, the

petitioner appeared with his attorney and withdrew his plea of not guilty and entered his plea of guilty, and was, by the court, sentenced to serve 12 years in the State Penitentiary. The proceedings appear to be regular in every respect.

Because of the confused statements set forth in the petition filed herein, this court is unable to determine on just what particular grounds the petitioner thinks he should be entitled to release, but we have given the record careful attention and there is nothing that appears therein which is irregular, and certainly nothing that is of sufficient importance that this court could say that the judgment which was rendered upon petitioner's plea of guilty was void.

For the reasons above stated, the writ of habeas corpus is denied.

BAREFOOT, P. J., and DOYLE, J., concur.