## In re PAT WRIGHT.
No. A-10355. Dec. 16, 1942.
(132 P. 2d 351.)

Pat Wright, in pro. per.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J. Petitioner, Pat Wright, has filed in this court his petition for habeas corpus, alleging that he is unlawfully detained, confined, and restrained of his

liberty, by Fred Hunt, Warden of the State Penitentiary, at McAlester. Attached to his petition are certain copies of letters, copy of the complaint, information, and judgment and sentence filed in the district court of Pottawatomie county. No evidence has been offered in support of the allegations of the petition. A demurrer to the petition has been filed by the Attorney General on behalf of the warden of the penitentiary, and also a response.

It is unnecessary to give a detailed statement of the allegations set forth in the petition. They are only recitals with reference to the arrest, and plea of guilty entered by the defendant to a charge of second-degree burglary entered against petitioner in the district court of Pottawatomie county, and with reference to his arrest in the State of Arkansas, and subsequent transfer to Oklahoma to answer the charges against him in this state. There is nothing in the petition, or the exhibits attached thereto, which reveals that the court acted without jurisdiction, or that the judgment and sentence entered was void.

In the recent case of In re Story, 75 Okla. Cr. 367, 131 P. 2d 773, we said:

"This court on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors in law on questions over which the court had jurisdiction. The writ of habeas corpus cannot be used to perform the office of a writ of error on appeal, and should be limited to cases in which the judgment and sentence of the court attacked is clearly void".

As we have so often announced, petitioner's only opportunity for relief is from the Governor of the state, in whom the Constitution has placed the power of pardon and parole.

For the reasons above stated, the demurrer of the Attorney General, filed in behalf of the warden of the penitentiary, is sustained, and the petition for writ of habeas corpus is denied.

JONES, J., concurs. DOYLE, J., absent.