Ex parte PAT WRIGHT.

No. A-10477. Feb. 2, 1944.

(145 P. 2d 772.)

158

O. H. Whitt, of McAlester, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, J.   This is an original proceeding in habeas corpus instituted by the petitioner, Pat Wright, to secure his release from the State Penitentiary, where he is now confined by reason of a judgment and sentence of the district court of Pottawatomie county, Okla., entered on April 21, 1941, sentencing him to serve a term of 12 years for the crime of burglary in the second degree, he having been previously convicted in the district court of Sequoyah county, Okla., on January 20, 1932, and served a term of five years in the State Penitentiary.

Petitioner has heretofore filed a petition for habeas corpus before this court, and the same was denied on December 16, 1942.   See In re Wright, 75 Okla. Cr. 400, 132 P. 2d 351.

It is now contended by counsel for petitioner that petitioner himself prepared the original petition without the aid or assistance of counsel, and that the same did not present the question here presented, and that petitioner is

now being held by reason of a void judgment and sentence, and that he is entitled to be discharged.

Counsel cites in support of this contention decisions from this court in which defendants were charged with the crime of being "second offenders," and in which the court held that there was no such crime under the statutes of this state, and the petitioners were discharged on habeas corpus.

The facts in the instant case are not the same as the facts in those cases. Petitioner attaches to his petition a copy of the information under which petitioner was tried and convicted, and a copy of the judgment and sentence. The information charges him with burglary in the second degree in Pottawatomie county. It then charges him as a second offender, by reason of having been previously convicted in Sequoyah county, and having served a term of five years in the penitentiary under such judgment and sentence. The copy of the judgment and sentence attached to the petition reveals that defendant was sentenced for the crime of burglary in the second degree and in compliance with the verdict returned by the jury.

We have held that the "second offense" statute 21 O. S. A. 1941 § 51, only goes to the increase of the punishment, and is not a part of the offense charged. O'Neil v. State, 76 Okla. Cr. 107, 134 P. 2d 1033; Long v. State, 77 Okla. Cr. 174, 140 P. 2d 600, 602; Ex parte Shockley, 78 Okla. Cr. 101, 144 P. 2d 118; Ex parte Weaver, 60 Okla. Cr. 290, 64 P. 2d 925.

It is not necessary that it be stated in the verdict that the defendant is found guilty of the second offense. The majority rule upon this question is stated in 58 A. L. R. 93, as follows:

"It appears to be the majority rule that, on a charge of a 'second' or 'subsequent offense,' it is not essential that the verdict of the jury should find specially as to the fact of a prior conviction, but it is sufficient if, from the verdict itself, it is apparent that the jury has passed on the issue of the prior conviction." See the cases cited in this note.

It is further contended that the allegations of the information were not definite and certain, and that the allegations were not sufficient to give the court jurisdiction.

These were questions that should have been raised by demurrer or motion to quash, and brought to this court by appeal, and not by habeas corpus. However, we have examined the information and do not find it insufficient under the decisions of this court. White v. State, 58 Okla. Cr. 401, 54 P. 2d 214.

We have examined the authorities cited in the brief of petitioner and do not find anything therein which would justify us in holding the judgment and sentence under which petitioner was committed was void.

For the reasons above stated, the demurrer to the petition filed by the Attorney General on behalf of the warden of the penitentiary should be sustained, and the writ of habeas corpus should be denied.

It is so ordered.

JONES, P. J., concurs. DOYLE, J., not participating.