# Ex parte H. C. STEVENS.

No. A-10716.    April 10, 1946.

(168 P. 2d 136.)

See, also, 81 Okla. Cr. 65, 160 P. 2d 415.

Wimbish & Wimbish, of Ada, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and· Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   This is an original proceeding in habeas corpus instituted by the petitioner, F. C. Stevens, to secure his release from confinement in the State Penitentiary.

The verified petition filed herein alleges that the petitioner was convicted in the district court of Murray county, on January 23, 1946, by a verdict of the jury of the crime of rape in the first degree and sentenced to serve a term of 99 years in the State Penitentiary.

The petition further alleged that the criminal complaint filed against him in the justice of the peace court did not allege the commission of any public offense by the defendant and that the original information filed

against him in the district court of Murray county did not allege the commission of any public offense, but that before the date of the trial, the county attorney of Murray county amended the information without notice to the petitioner or his attorneys by inserting sufficient allegations to make the amended information allege the commission of the crime of rape in the first degree. That the petitioner objected to going to trial upon the amended information for the reason that he did not have an examining trial upon a criminal complaint charging him with a violation of any law of the State of Oklahoma. That the trial proceeded over the objection of defendant and resulted in his conviction as above set forth.

A demurrer was filed on behalf of the respondent by the Attorney General.

The petitioner has six months from the date judgment was pronounced against him in which to appeal to this court from said conviction. 22 O. S. 1941 § 1054. He has abundant time within which to perfect an appeal. The matters complained of are properly matters which may be urged on appeal, but are not such questions as may be raised in a habeas corpus proceeding.

It is well-settled that the Criminal Court of Appeals in a habeas corpus proceeding will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure, or errors of law on questions over which the court had jurisdiction. Ex parte West, 62 Okla. Cr. 260, 71 P. 2d 129. And that the writ of habeas corpus cannot be substituted for an appeal. Ex parte Thomas, 56 Okla. Cr. 258, 37 P. 2d 829; Ex parte Miles, 56 Okla. Cr. 69, 33 P. 2d 636; Ex parte Williams, 70 Okla. Cr. 377. 106 P. 2d 524.

We shall not go into an extended discussion of the question raised by the petitioner, as he may again raise this question in the proper manner by appeal, where the entire record of the trial proceedings will be before us for review. Neither the judgment and sentence pronounced against the petitioner nor the amended information are attached to his petition, but under the allegations of the petition, it is our conclusion that the petitioner is seeking to present questions on habeas corpus which are properly matters which he should present by appeal.

The writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., not participating.