## In re WILLIAM NELSON SULLIVAN.

No. A-10712.    June 20, 1946.

(170 P. 2d 260.)

Sid White, of Oklahoma City, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, J. Petitioner, William Nelson Sullivan, filed his petition seeking his release from the State Penitentiary at McAlester, where he is serving a term of 90 years by reason of the judgment and sentence of the district court of Oklahoma county, where he was tried and convicted of the crime of rape in the first degree. Attached to the petition is a copy of the information and a copy of the judgment and sentence. A demurrer has been filed to the petition by the Attorney General on behalf of the warden of the State Penitentiary.

It is contended by petitioner that the description in the information is wholly insufficient in that it fails to state the age or sex of Hazel Robertson, who was charged with petitioner as a codefendant, and fails to charge whether or not Ada Josephine Robertson (the prosecutrix) was the wife of Hazel Robertson, and fails to charge which of the two, William Nelson Sullivan or Hazel Robertson, carnally knew the said Ada Josephine Robertson. That by reason of these allegations in the information, the district court of Oklahoma county did not ac-

quire jurisdiction and that the judgment and sentence rendered against petitioner is void, and he is entitled to be discharged from the penitentiary.

It has often been decided by this court that habeas corpus may not be used before or after conviction to test the sufficiency of the indictment or information (Ex parte Prock, 46 Okla. Cr. 239. 287 P. 1091; Ex parte Woods, 7 Okla. Cr. 645, 125 P. 440; Ex parte Spencer, 7 Okla. Cr. 113, 122 P. 557; Ex parte Keel, 62 Okla. Cr. 277, 71 P.2d 313; Ex parte Wright, 78 Okla. Cr. 157, 145 P.2d 772; Ex parte Burnett, 78 Okla. Cr. 147, 145 P.2d 441); and that the writ of habeas corpus cannot take the place of a writ of error or of an appeal. Ex parte Adams, 42 Okla. Cr. 27, 274 P. 485; Ex parte Overby, 43 Okla. Cr. 400, 279 P. 523; Ex parte Herren, 74 Okla. Cr. 154, 124 P.2d 276; Ex parte Tiner, 72 Okla. Cr. 250, 115 P.2d 282.

In Ex parte Burnett, supra, it was said:

"The general rule is that the writ of habeas corpus may not be used either before or after conviction to test the sufficiency of an indictment or information. Where an indictment or information is merely defective, demurrable, or subject to a motion to quash, or technically insufficient, but may be amended to state the crime sought to be charged, the person held by process based upon it is not entitled to test the sufficiency of the indictment or information, by habeas corpus. Where, however, the indictment or information is fundamentally defective in substance so that it cannot be amended to charge a crime in any manner or form or by any intendment, it is void, and a person held by process based on such void charge is entitled to discharge by habeas corpus."

And in Ex parte Wright, supra, it is held [78 Okla. Cr. 157, 145 P.2d 773]:

"A petition for habeas corpus will not take the place of an appeal. In such action the court will not review the evidence, but will only determine whether the judgment and sentence was void, or that the court was without jurisdiction to render the judgment and sentence."

For the reasons stated, the petition for habeas corpus is denied.

JONES, P. J., concurs. DOYLE, J., not participating.