TILGHMAN et al. v. BURNS, Sheriff, et al.

No. A-11401.  May 24, 1950.

(219 P. 2d 263.)

Sid White, Oklahoma City, for petitioners.

Granville Scanland, Co. Atty., Oklahoma County, and James. R. Holbird, Asst. Co. Atty., Oklahoma City, and Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondents.

POWELL, J. This is an original proceeding in habeas corpus wherein the petitioners, Woodrow Wilson Tilghman, and Zoe A. Tilghman, his mother, seek the release of Woodrow Wilson Tilghman from the custody of the sheriff of Oklahoma county, where he was remanded to custody, in absence of ability to make bond, after conviction in the district court of Oklahoma county, on a charge of robbery with firearms after former conviction of a felony. The warden of the State Penitentiary at McAlester, and the county attorney of Oklahoma county are also named in petition as respondents.

The verified petition filed herein alleges in substance that the verdict of the jury and the judgment of the court based thereon in case No. 19590, in the district court of Oklahoma county, is void, for the reason that the state was permitted to plead and prove former convictions of felonies suffered by the petitioner, but failed and refused to instruct and require the jury that it was their manda-

tory duty, in the event they found the defendant guilty, to assess his punishment, and that this was not a duty that could be delegated to the judge. It is complained that the jury did find the petitioner guilty as charged, but failed to perform their duty of fixing the punishment, but left the same to the trial court, hence the evidence of former crimes may have influenced and prejudiced the jury in arriving at their verdict of guilty, and was of no legitimate aid to the jury, and that the court had no authority, over the objections of petitioner, to fix the punishment where he was being tried under the habitual criminal statute, Tit. 21 O.S.A. § 51.

The following instructions set out as having been given to the jury are alleged to be erroneous:

"No. 7.  Evidence has been introduced in this case bearing upon a former conviction or plea of guilty of the defendant to a felony or to felonies.  This evidence was permitted to go to you for the purpose only of determining whether or not he had been formerly convicted or plead guilty to a felony or felonies, and it is no evidence of his guilt in the case on trial, and you will not consider it for the purpose of determining his guilt in this case, but consider it only for the purpose of determining the amount of punishment, if any."

"No. 11.  Should you find from the evidence, under the instructions, and beyond a reasonable doubt, that the defendant is guilty, it will then be your duty to assess the punishment therefor, in your verdict, within the provisions of law set out herein.  However, should you be unable to agree on the punishment, so state in your verdict, and leave it to be assessed by the Court.  Should you find the defendant not guilty, that is all you need say in your verdict."

It is alleged that the verdict of the jury was void and that the court should have required the jury to re-

turn to the jury-room for further deliberations. The verdict reads:

"We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find the defendant Woodrow Wilson Tilghman guilty as charged in the Information, of the crime of Robbery With Firearms after Former Conviction of a Felony, and fix his punishment at imprisonment in the State Penitentiary for a period of ———— years. Unable to agree on punishment and leave it to be assessed by the Court. W. H. Bell, foreman."

Petitioners' prayer reads:

"Wherefore, premises considered, these petitioning plaintiffs pray: That in anticipation and in aid of its appellate jurisdiction and to avoid annoyance, vexation and labor to the judges and cruel and inhuman punishment to the said Woodrow Wilson Tilghman, this Honorable Court take jurisdiction and issue Habeas Corpus or other appropriate processes to prevent said sheriff and said warden from executing said void judgment and to prevent the law enforcement officers from again trying this subject until in its opinion, bottomed upon this pleading, the so called habitual criminal statute can be either declared unconstitutional (as it should be) or construed to meet the ends of justice instead of promoting personal welfare at the expense of human misery."

Counsel also argues:

"To deny relief renders the statute a bill of attainder contrary to the genius of our government. It creates a status subjecting a former offender to trial denied of the presumption of innocence and the protection of due process of law. It repudiates the philosophy of expiation, reform and forgiveness."

The petition was filed herein on April 1, 1950, was set for hearing for April 11, 1950, to determine whether or not this court would take jurisdiction. At that time counsel for petitioners argued the case at length. Re-

spondents were represented by the county attorney of Oklahoma county, and the Attorney General. This court issued an order directed to respondents to show cause, and a response has been filed, and the petitioners have filed a brief in line with argument made.

Counsel for petitioners correctly stated the issue, when he said:

"This leaves for determination but a single question—is this judgment valid, or is it void?"

This court has uniformly held that the writ of habeas corpus may not be used as a substitute for an appeal, so the various matters will be gone into only so far as the same may be an aid in determining the jurisdiction of the trial court and whether or not the judgment complained of was void. Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550; Ex parte Stevens, 82 Okla. Cr. 232, 168 P. 2d 136.

The constitutionality of a statute may in a proper case be tested in habeas corpus proceedings. Ex parte Fowler, 85 Okla. Cr. 64, 184 P. 2d 814; Ex parte Lee et al., 88 Okla. Cr. 386, 203 P. 2d 720; Ex parte Burns, 88 Okla. Cr. 270, 202 P. 2d 433; Ex parte Olden, 88 Okla. Cr. 56, 199 P. 2d 228; Ex parte Strauch, 80 Okla. Cr. 89, 157 P. 2d 201.

The statute under which petitioner Woodrow Wilson Tilghman was prosecuted, being Tit. 21 Okla. Stat. Ann. §§ 51 and 52, and commonly known as the habitual criminal statute, has in many cases been by this court construed and determined to be constitutional. In the case of Spann v. State, 69 Okla. Cr. 369, 103 P. 2d 389, 390, this court said:

"Habitual criminal statute, Penal Code, Art. 6, Sections 1817 and 1818, O.S. 1931, 21 Okla. St. Ann. §§ 51

and 52, does not create or define a new or independent crime, but described circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous conviction, as alleged and found. 'Habitual criminality' is a state and not a crime."

The court in the body of the opinion further said:

"The law complained of is a valid, existing penal provision and does not conflict in any way with any of the constitutional guaranties possessed by the accused."

The above case may be referred to for a full discussion and for citation of many other cases on the subject by this and other courts.

The instruments at hand in this case indicate that over a period of 20 years the defendant has had continuous conflict with society and has been convicted of a variety of heinous crimes. And while counsel recognizes that this court has held in the recent case of Carr et al. v. State, 90 Okla. Cr. 194, 216 P. 2d 333, and cases therein mentioned, that evidence of more than one prior conviction may be submitted to the jury where one is prosecuted under 21 O.S.A. §§ 51, 52, yet, it is contended, as heretofore mentioned, that the verdict of the jury and the judgment of the court rendered thereon were each void because the court did not make it mandatory on the jury to assess the punishment. The argument advanced is that the only reason the evidence of prior criminal convictions was admitted was solely to aid the jury in assessing the punishment, and that such evidence could not have been of aid if the jury failed to assess the punishment, but on the contrary could have prejudiced the jurors and influenced them in finding the defendant guilty. Counsel apparently overlooks the fact that the instructions of the court are to advise the jury of the purpose of evidence, and that where the court fixes the punish-

ment, the evidence in a case like this would aid the court in like manner as the jury, in assessing the punishment. This would be true in a case where an accused might waive a jury.

It may be that where evidence is admitted and limited for consideration to one particular purpose when it might be considered for another purpose, in truth and in fact, consciously or subconsciously, often is considered contrary to the direction. This is probably too true, and perhaps such situations should not be looked on with favor. Nevertheless, such practice is the settled law, and to repudiate it would break down the jury system, as jurors have nothing but their conscience and religious beliefs or ethical convictions to prevent them from disregarding all instructions by the court given.

The fact that the evidence of other crimes would tend to destroy the character of an accused in a case was no doubt given careful consideration by the Legislature, and in its wisdom the statute complained of was enacted. And, after all, each person sets the sail that guides him over the seas of life. Only where there is a will and desire and effort to observe the storm signals and shoal warnings may one be aided along the way. There may be smooth sailing for a time in spite of disregard of convention, and the more times indulgent nature permits successful evasion the less warning signs act as deterrents, and finally disaster beyond redemption is the natural consequence. The state did not destroy petitioner's character in this case. If it was destroyed, the attempt to blame the state is not impressive.

The well-considered case of Ladd v. State, 89 Okla. Cr. 294, 207 P. 2d 350, disposes of the further element of the issue raised. Therein this court held:

"Tit. 22 O.S. 1941 §§ 926 and 927 provide:

"926 In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided.

"927 Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly.

"Under Tit. 22 O.S. 1941 §§ 926 and 927, it is the duty of the court upon request of defendant to instruct the jury to fix the punishment to be assessed the defendant upon a verdict of guilty, giving them an opportunity to pass upon the question as to the punishment to be inflicted.

"The court should instruct the jury that if they find the defendant guilty of the crime charged beyond a reasonable doubt, and after due deliberation are unable to agree on the punishment, they should so state in their verdict and leave the punishment to the court.

"When a verdict is returned into court, stating that the jury finds the defendant guilty and is unable to agree upon the punishment, the court has the right to fix the punishment within the limitations provided by law, even though defendant had requested the court to instruct the jury to fix the punishment."

For the reasons above stated, the petition for writ of habeas corpus is hereby denied.

JONES, P. J., and BRETT, J., concur.