## In re SCHECHTER.

No. A-11484. May 2, 1951.

(231 P. 2d 411.)

Roy Schechter, pro se.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

JONES, J. This is an original action in habeas corpus wherein the petitioner, Roy Schechter, seeks to secure his release from confinement in the State Penitentiary where he stands committed after conviction in the district court of Tulsa county on February 14, 1949, for the crime of burglary in the second degree, a second offense, wherein he was sentenced to serve a term of 15 years in the Oklahoma State Penitentiary.

It is unnecessary to recite in detail the many allegations in the petition filed herein. The petition was unverified and the matters therein contained were proper questions to have been presented by appeal. None of them were directed at the jurisdiction of the district court of Tulsa county. There was only one matter stated in the petition which justified this court in assuming jurisdiction, and that was that petitioner was denied his right to appeal the judgment of conviction and this court should grant him a review of his trial.

The case was set for hearing and a response was filed by the Attorney General. At this hearing the evidence developed that one Elmore A. Page of Tulsa was employed by the defendant to represent him on the charge for which he was convicted. This attorney swore that after the conviction he had numerous conversations with the wife of the accused regarding his attorney fee and that on each occasion she gave an excuse for not paying the fee but promised to secure it in the immediate future; that when he was first employed by Schechter he was paid a fee of $50 and no more. That his fee for representing Schechter at the trial was $300; that no appeal was taken by Schechter because neither he nor his wife made any financial arrangement with him to handle the appeal. The attorney further stated that he knew of no grounds for vacating or defeating the judgment of conviction in case an appeal had been taken, and in this connection it is well to note that nowhere in the petition nor in the supporting papers filed by petitioner is there any contention that petitioner is not guilty of the crime for which he was convicted.

The right of appeal from a judgment of conviction is governed solely by statute. 22 O.S. 1941 § 1051 et seq.

In the case of Lyons v. State, 6 Okla. Cr. 581, 120 P. 665, 667, this court stated:

"no case will be reversed upon the ground that the defendant has been deprived of a right of appeal, unless it appears that the utmost diligence was exercised on the part of his counsel, and that he has been deprived of his right of appeal wholly without fault on their part."

In this case, if an appeal had been taken within the time fixed by law and an attack had been made upon the judgment in accordance with the allegations contained in the petition filed herein, the judgment would have been affirmed, as the only question of law raised by the petition is the constitutionality of the habitual criminal statute. 21 O. S. 1941 §§ 51 and 52. The constitutionality of this statute has been sustained. Spann v. State, 69 Okla. Cr. 369, 103 P. 2d 389; Carr & McGlasson v. State, 91 Okla. Cr. 94, 216 P. 2d 333; Tilghman v. Burns, 91 Okla. Cr. 359, 219 P. 2d 263.

In habeas corpus this court is limited in its inquiry to questions pertaining to the jurisdiction of the trial court to try and sentence the accused. Ex parte Motley, 86 Okla. Cr. 401, 193 P. 2d 613; Ex parte Nye, 75 Okla. Cr. 155, 129 P. 2d 614; Ex parte Allen, 86 Okla. Cr. 48, 192 P. 2d 289; certiorari denied, Allen v. Burford, 334 U. S. 830, 68 S. Ct. 1333, 92 L. Ed. 1757. The writ of habeas corpus may not be used as a substitute for an appeal. Ex parte Shockley, 75 Okla. Cr. 263, 130 P. 2d 331; In re Wright, 75 Okla. Cr. 400, 132 P. 2d 351.

The writ of habeas corpus is denied.

BRETT, P. J., and POWELL, J., concur.