## THORNTON v. WATERS, Warden

No. A-11662. June 4, 1952.

(245 P. 2d 95.)

W. L. Steger, Durant, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, J. Agnes Thornton filed her petition in this court on November 8, 1951, alleging that she was unlawfully imprisoned at the Oklahoma State Penitentiary at McAlester by Jerome Waters, the warden of said penitentiary, and asked this court to grant a writ of habeas corpus, discharging the petitioner from such imprisonment.

A rule to show cause was issued by this court on November 8, 1951, and hearing set for November 28, 1951. No appearance was made by either the petitioner or her attorney, and the court re-assigned said cause for hearing for March 19, 1952. No appearance was made at that time.

The record before us shows that information was filed in the district court of Bryan county, Oklahoma, on July 24, 1951, charging the petitioner with the crime of adultery, committed with one Kenneth Cheshier. To this charge the defendant entered a plea of guilty, and was on July 25, 1951, sentenced to serve a term of five years in the State Penitentiary, which judgment and sentence was suspended during the good behavior of the defendant. On July 31, 1951, the county attorney of Bryan county filed an application to have the suspension of the sentence set aside, for the reason that petitioner had cohabited with the said Kenneth Cheshier again on July 28, 1951. On August 6, 1951, an order was entered revoking such suspended sentence, reciting that the defendant had in open court confessed that she had violated the terms and conditions of the agreement made between the court and defendant at the time said original sentence was suspended. Copies of the complaint, the information, judgment of the court, application to set aside the suspension of sentence, and order revoking the suspended sentence are attached to the petition.

From a careful examination of the petition and exhibits, we find nothing to show that the judgment and sentence entered was void, or that the court did not have full and complete jurisdiction.

For the reasons herein stated, the petition for writ of habeas corpus is dismissed.

BRETT, P. J., and JONES, J., concur.