**J. D. LINDSEY, Petitioner,**

v.

**The STATE of Oklahoma and Robert R. Raines, Warden, Oklahoma State Penitentiary, Respondents.**

No. A–13174.

Court of Criminal Appeals of Oklahoma.
Sept. 5, 1962.

J. D. Lindsey, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

NIX, Presiding Judge.

Original Proceeding in which the petitioner, J. D. Lindsey, seeks a Writ of Habeas Corpus, granting his release from the State Penitentiary at McAlester, Oklahoma.

Petitioner plead Guilty to crime charged in Information charging Bigamy, and received a two year suspended sentence in District Court of Cleveland County, Oklahoma, on February 24, 1961. An order revoking that suspended sentence was issued on August 10, 1962, after petitioner plead Guilty to the charge of Removing Mortgaged Property in the County Court of Cleveland County on August 2, 1962; which was a violation of his suspended sentence, and he was therefore, required to serve the two years on the charge of Bigamy in the State Penitentiary.

Petitioner now alleges in his petition that the District Court of Cleveland County was without Jurisdiction to pronounce judgment and sentence as the offense did not take place in that County, and supports this allegation by attaching a certified copy of his marriage license to Barbara Dean Putnam on November 14, 1959, in *Grayson County, Texas*. The Information charged that the act of Bigamy was committed November 14, 1959 in *Cleveland County, Oklahoma*.

Where Petitioner plead Guilty to crime charged in Information, he could not in Habeas Corpus proceedings, raise an objection as to misnomer in Information. See Ex parte Duty, Okl.Cr., 318 P.2d 900.

Petitioner, with advice and aid of counsel, voluntarily entered his plea of Guilty to Information, thereby giving the District Court of Cleveland County, Oklahoma, Jurisdiction of the person of the defendant, jurisdiction of the subject matter, and jurisdiction to pronounce the judgment and sentence rendered.

The sole question in Habeas Corpus proceeding instituted by inmate of the penitentiary under commitment of plea of Guilty to a felony charge, is whether judgment pronounced against this inmate was void. (See Ex parte Cassidy, 83 Okl.Cr. 159, 174 P.2d 271; Ex parte Allen, 86 Okl. Cr. 48, 192 P.2d 289; Ex parte Smith, 84 Okl.Cr. 446, 184 P.2d 118; Thornton v. Waters, 95 Okl.Cr. 306, 245 P.2d 95.) In the case at bar, the judgment was not void, as the voluntary plea of Guilty to the Information gave the court jurisdiction to pronounce sentence, as stated above.

Petitioner did not challenge the Information with Motion to Quash or Set Aside the Information. By not doing so, he waived any right to question the proceedings, or any irregularity therein. See Ex parte Norris, 88 Okl.Cr. 450, 204 P.2d 291.

This judgment and sentence was not contested or even questioned by the Petitioner at any time, until the sentence was revoked, and he was incarcerated and restrained of his liberty, and it subsequently came to light in this proceeding, that the offense of Bigamy did not take place in Cleveland County, Oklahoma.

Since the record is clear as to petitioner pleading Guilty to the crime charged in Information, and that he did have the advice and aid of counsel, this Court is without authority in law to grant relief to petitioner by Habeas Corpus. The petitioner's only source of relief is with the Pardon and Parole Board, and we will furnish them with a copy of this opinion, and advise petitioner to seek the prayed for relief from confinement there.

For the reasons above stated, this application for Writ of Habeas Corpus is hereby denied.

BRETT, J., concurs.

BUSSEY, J., not participating.