Earl WYNN, #71080, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, and The State of Oklahoma, Respondents.

No. A–13821.

Court of Criminal Appeals of Oklahoma.

Nov. 24, 1965.

Earl Wynn, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

Earl Wynn, #71080, files herein his petition for writ of habeas corpus. Petitioner is presently confined in the state penitentiary at McAlester, where he is serving a sentence of twenty years assessed by the district court of Muskogee County on a conviction of robbery with firearms.

The records before the Court indicate that this petitioner heretofore filed a petition for release by habeas corpus, wherein he failed to state any facts which would entitle him to be released, and the writ was denied. Wynn v. Page, Warden, Okl.Cr., 401 P.2d 534.

This Court subsequently sent to petitioner certain forms concerning his trial, as provided in Rule 25 of the Court, to be filled out and returned. This has been done. We find from the statements contained in this application that petitioner was represented throughout his trial by an attorney of his own choosing; that he did not give notice of intention to appeal and made no effort to appeal his conviction within the time provided, as required by the penal code of Oklahoma.

As grounds for his release petitioner claims an unlawful search and seizure by the authorities of Oklahoma and Arkansas; and that in violation of his civil rights he was not given twenty-four hours within which to enter a plea, after arraignment.

In his original application for writ of habeas corpus, petitioner states that on September 14, 1964 he was taken to the district court of Muskogee County for arraignment; the information was amended and petitioner requested and was granted twenty-fours in which to enter a plea. He states that on the next day, he was taken before the court, the information was again amended and petitioner again requested twenty-four hours in which to enter a plea, which request was denied.

These are questions which could be urged on appeal, and hence can not be raised in habeas corpus proceedings. Ex parte Stevens, 82 Okl.Cr. 232, 168 P.2d 136.

It is well settled that the Court of Criminal Appeals in a habeas corpus proceeding for release from confinement, after conviction of a felony, will not look beyond the judgment and sentence of any court of competent jurisdiction (Ex parte West, 62 Okl.Cr. 260, 71 P.2d 129); and that the writ of habeas corpus can not be substituted for an appeal. Ex parte Thomas, 56 Okl. Cr. 258, 37 P.2d 829; In re Burke, Okl. Cr., 324 P.2d 285; Buckner v. State, Okl. Cr., 384 P.2d 52, and cases cited.

It is further shown by the records before us that this petitioner is now serving his fourth term in the State Penitentiary, and that he has been in trouble with the Federal authorities. Under such circumstances, it would appear that he is not entirely a stranger to legal proceedings.

In habeas corpus proceedings to secure release of petitioner from the state penitentiary, sole question to be determined is whether the court in the criminal prosecution had jurisdiction of the person of the petitioner; jurisdiction of the offense charged; and jurisdiction to pronounce the particular judgment and sentence.

Every presumption favors regularity of criminal proceedings in trial court, and we can not accept as facts the mere assertions of a petitioner, without any proof of the correctness of such assertions.

For the reasons stated, the petition for habeas corpus is denied.

BUSSEY, P. J., and NIX, J., concur.