Guy Thomas HAINES, Petitioner,

v.

Ray PAGE, Warden of the Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.

No. A–14097.

Court of Criminal Appeals of Oklahoma.

Dec. 21, 1966.

Guy Thomas Haines, pro se.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for respondents.

BRETT, Judge.

This is an original proceeding in habeas corpus, where the petitioner seeks to secure his release from confinement in the State Penitentiary, at McAlester.

The Attorney General, on behalf of the respondents, has filed a demurrer and motion to dismiss the petition, to which is attached photostatic copies of the judgments and

sentences under which petitioner is presently serving.

The verified petition recites that when petitioner was but 14 years of age, and on August 17, 1959, he was arrested in Pittsburg County, Oklahoma, and charged in three cases with robbery with firearms. Petitioner further states that he was held in the county jail of Pittsburg County until May 25, 1960, after he had reached the age of 15 years. On that date the three cases came on for trial, and petitioner, at the direction of his counsel, entered pleas of guilty in each of the three cases, and was sentenced to ten years in the penitentiary in each case, the sentences to run concurrently. The sentences were then suspended. Thereafter, on July 24, 1964 the suspensions were revoked, and defendant was sent to the reformatory at Granite, Oklahoma. Later he was, at his special request, transferred to the State Penitentiary at McAlester, where he is now incarcerated.

Title 20, O.S.A. § 95, provides that there shall be two terms of the district courts each year, the first to commence on the first Monday in January, and the second on the first Monday in July. This petitioner was arrested during the July, 1959 term of court, and was tried during the next, or January, 1960 term, thus coming within the provisions of that statute, and other pertinent statutes.

As his only ground for release from imprisonment, this petitioner states: "This is a writ of habeas corpus based on a recent Court of Criminal Appeals decision." He later refers to a "decision" of this Court rendered September 15, 1966, concerning a juvenile matter in Tulsa County.

■ On that date this Court entered an order commanding the Judge of the juvenile court of Tulsa County to direct the sheriff of that county to remove a 16-year-old girl from the common jail of Tulsa County, and to place her in a suitable facility, as provided in the statutes of this State; and to provide adequate security until her trial, or for the duration of her detention. That order contains no basis of authority in law for the release of this petitioner on the grounds stated in his petition.

■■ We have repeatedly held that in habeas corpus proceedings this Court is limited in its inquiry to questions pertaining to the jurisdiction of the trial court over the defendant's person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence. See: Davidson v. Page, Okl.Cr., 393 P.2d 246; Application of Mayfield, Okl.Cr., 389 P.2d 362; In re: Schechter, 94 Okl.Cr. 85, 231 P.2d 411, and cases cited.

In the instant case, the trial court had jurisdiction of the questions pertaining to this petitioner, as well as authority to pass judgment and sentence. According to petitioner's own statement, he was represented by able counsel throughout his trial.

For the reasons herein stated, the demurrer of the respondents is sustained, and the writ of habeas corpus is dismissed.

BUSSEY, P. J., and NIX, J., concur.