## CHARLES KILLION v. STATE.

No. A-3664.    Opinion Filed June 18, 1921.
(198 Pac. 625.)

(Syllabus.)

1.  **Robbery—Information—Sufficiency.** For information held to state a sufficient charge of robbery, see body of opinion.

2.  **Appeal and Error — Discretion of Trial Court — Continuance.** Applications for a continuance are addressed to the discretion of the trial court, and the trial court's action in overruling a motion for a continuance on account of absent witnesses will not be disturbed unless a manifest abuse of discretion appears.

Appeal from District Court, Washington County; Preston A. Shinn, Judge.

Charles Killion was convicted of robbery, and he appeals. Affirmed.

J. R. Charlton, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Washington county, wherein on the 29th day of May, 1919, plaintiff in error, Charles Killion, hereinafter designated defendant, was convicted of the crime of robbery, and sentenced to serve a term of 10 years' imprisonment in the state penitentiary.

From the judgment rendered against him he has appealed to this court, and relies for reversal on the following assignments of error: (1) That the court erred in not sustaining the

demurrer to the information; and (2) that the court erred in overruling the motion for a continuance.

The case-made as originally filed contained an incomplete copy of the amended information. The Attorney General, on May 24, 1921, filed a motion in this court to correct the case-made by insertion of a correct copy of the amended information. In reply to said motion, counsel for defendant has admitted that the copy of the amended information contained in the original case-made was defective, and joins in the request of the Attorney General that the same be corrected. Upon said motion and agreement of counsel for defendant, this court made an order correcting the case-made by insertion therein of a correct copy of the amended information.

The amended information, upon which the cause was tried, reads as follows:

"Now comes W. B. Allen, the duly qualified and acting county attorney, in and for Washington county, state of Oklahoma, and gives the district court of Washington county, state of Oklahoma, to know and be informed that Charlie Killion did, in Washington county, and in the state of Oklahoma, on or about the 30th day of March, in the year of our Lord one thousand nine hundred and nineteen, and anterior to the presentment hereof, commit the crime of robbery in the first degree in the manner and form as follows: That in the county and state aforesaid, the said Charlie Killion, on the day and year aforesaid, did knowingly, willfully, unlawfully wrongfully and feloniously, make an assault in and upon Fred Stepp, J. M. Ernest, Warnie Catlin, Bud Stepp and R. E. Henson and others, with a certain weapon, to wit, a revolver, then and there had in the hands of him, the said Charlie Killion, and did then and there and thereby putting the said Fred Stepp, J. M. Ernest, Warnie Catlin, Bud Stepp and R. E. Henson and others in fear of an immediate injury to their lives and persons by threatening to shoot them, the said Fred Stepp, J. M. Ernest, Warnie Catlin, Bud Stepp and R. E. Henson and others, and did then and there by the

use of said force and putting in fear unlawfully, willfully, wrongfully and feloniously and against the will of them, the said Fred Stepp, J. M. Ernest, Warnie Catlin, Bud Stepp and R. E. Henson and others, take, steal and carry away from the possession and persons of them the said Fred Stepp, J. M. Ernest, Warnie Catlin, Bud Stepp and R. E. Henson and others, certain personal property, to wit, $97.00 good and lawful money of the United States, with the unlawful, wrongful and felonious intent then and there on the part of him the said Charlie Killion to rob and deprive the said Fred Stepp, J. M. Ernest, Warnie Catlin, Bud Stepp and R. E. Henson and others of the said property and convert the same to the use and benefit of him the said Charlie Killion, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

"Robbery" is defined by section 2364, Revised Laws 1910, as follows:

"Robbery is a wrongful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear."

In the opinion of the court the amended information contains a sufficient charge of robbery as defined by said section.

The motion for continuance was based on the ground of the absence of certain alleged material witnesses for defendant. After an examination of the motion, this court is convinced that the trial court properly overruled the same. There is no sufficient showing of diligence used to obtain these witnesses, nor is there a showing of facts indicating that there is any reasonable likelihood of obtaining the attendance of these witnesses or their testimony in behalf of defendant at any future date to which the cause might have been continued. We find no abuse of discretion on the part of the trial court in overruling the motion.

Upon the whole record, the conclusion is reached that defendant was fairly tried and properly convicted.

The judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.