## Ex parte BILL CANNES.
No. A-10392.   June 9, 1943.
(138 P. 2d 561.)

Bill Cannes, in pro. per.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for respondent.

JONES, P. J.   This is an original proceeding in habeas corpus filed in this court by the petitioner, Bill Cannes, to obtain his release from confinement in the State Penitentiary.

The Attorney General, on behalf of the respondent, Fred Hunt, warden of the State Penitentiary, has filed a demurrer to the petition.

The petition alleges that the petitioner is incarcerated in the State Penitentiary under a commitment from the

district court of Tulsa county upon a conviction for rape of his daughter, age 13. A copy of the judgment and sentence is not attached to the petition and the number of years imprisonment meted out to the petitioner upon his conviction is not set forth in the petition.

The petition alleges in substance that the petitioner was a Greek and could speak very little of the English language. That the mother of his little girl was a prostitute and was forcing his little daughter to follow in her mother's trade. That when the petitioner learned of the way his wife was acting, he protested vigorously, causing the wife and little daughter to frame him on the charge with which he stands convicted.

That the trial court forced the defendant to trial without his witnesses. That the defendant, not being very well versed in the English language, did not know what was going on, and the public defender who was appointed to defend him could not understand petitioner well enough to prepare his defense.

Petition further alleges that the court erred in the giving of certain instructions and that his conviction was solely due to perjury on the part of the witnesses for the prosecution.

In a petition for habeas corpus by a prisoner in custody under sentence, our inquiry is limited to whether the court who sentenced accused had jurisdiction of prisoner's person and of the crime charged, and if it had jurisdiction to convict and sentence, the writ cannot issue to correct errors or irregularities in the proceedings before the trial court. Ex parte Stover, 14 Okla. Cr. 120, 167 P. 1000; Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550; Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549.

In Ex parte Tollison, supra, it is stated:

"The Criminal Court of Appeals on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors of law on questions over which the court has jurisdiction."

The facts alleged in the petition filed herein are not such as would authorize this court to hold that the district court of Tulsa county, which had jurisdiction of petitioner's person and of the crime charged, lost jurisdiction to pronounce sentence by reason of some error in the proceedings which rendered the judgment wholly void.

The writ of habeas corpus may not be used as a substitute for an appeal.

For the reasons above stated, the writ is denied.

BAREFOOT, J., concurs.   DOYLE, J., absent and not participating.