48 P. 2d 1082; and Goben v. State, 32 Okla. Cr. 237, 240 P. 1085.

Eliminating the defense offered in this case, the facts are not such that justify the inflicting of the death penalty, as shown by the authorities above cited. There being no evidence of ill will between the defendant and deceased prior to the morning that they had a fuss just prior to the killing, and no motive being shown as to why the defendant should desire to kill his own wife, and the errors heretofore discussed as revealed by the record in this case, we cannot but come to the conclusion that justice demands a modification of this judgment from that of death, to a term of life imprisonment at hard labor.

For the reasons herein stated, the judgment and sentence of the district court of Tulsa county is modified from that of death, to a term of life imprisonment, at hard labor, in the State Penitentiary, and, so modified, the judgment is affirmed.

JONES, P. J., and DOYLE, J., concur.

Ex parte HOMER HUMMINGBIRD.

No. A-10451.    Nov. 10, 1943.

(143 P. 2d 166.)

Homer Hummingbird, in pro. per.

· Randell S. Cobb, Atty. Gen., for respondent.

JONES, P. J.   This is an original proceeding filed by the petitioner, Homer Hummingbird, an inmate of the

State Penitentiary, in which he seeks to have this court review his conviction and "either grant a new trial or cut the sentence."

No copy of the judgment and sentence is attached to the petition. However, it is alleged that the petitioner entered a plea of guilty to the crime of rape, committed upon his stepdaughter. The number of years to which the defendant was sentenced upon his plea of guilty is not set forth. The petition sets forth a purported account of all the facts surrounding the alleged rape with the allegation that the accused was framed by his stepdaughters and his wife. There are other allegations in the petition but there is nothing set forth which, if true, would show that the judgment and sentence pronounced against the defendant was void for lack of jurisdiction on the part of the trial court to pronounce such judgment.

It is well settled that the writ of habeas corpus cannot be used to perform the office of a writ of error on appeal, but will be limited to cases in which the judgment and sentence of the court attacked is clearly void. Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549; Ex parte Banning, 73 Okla. Cr. 398, 121 P. 2d 619; Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550.

For the reasons hereinabove stated the petition is denied.

BAREFOOT, J., concurs. DOYLE, J., absent.