## Ex parte GEORGE COBLER.

No. A-10571. Feb. 21, 1945.

(156 P. 2d 383.)

Hulsey & Hulsey, of McAlester, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J. George Cobler filed his petition herein for habeas corpus, praying to be released from the State Penitentiary at McAlester, where he is confined, serv-

ing a term of 25 years for the crime of manslaughter in the first degree. The Attorney General, on behalf of the state, has filed a demurrer to the petition. Under the law, this admits as true the allegations of the petition.

An examination of the petition reveals that petitioner, his wife and Delbert Sapington were charged jointly in Rogers county with the murder on or about September 3, 1936, of one R. A. Raburn. A severance was taken, and Delbert Sapington was tried and convicted of manslaughter in the first degree, and sentenced to serve a term of 25 years in the penitentiary.

Petitioner alleges that at the trial of the codefendant, Sapington, the state's witnesses testified to certain facts which tended to be circumstances against the wife of petitioner. That he and his wife had several small children. That the county attorney proposed to him that if he would enter a plea of guilty to "unjustifiable homicide" that an amended information would be filed against petitioner, and the charge against his wife would be dismissed. That upon this promise, petitioner entered a plea of guilty to the charge contained in the amended information. That he was then informed by the court that the same punishment would be assessed against him as had been assessed against his codefendant, Sapington. Petitioner asked permission to withdraw his plea of guilty, and upon advice of the court employed a lawyer, who prepared a motion to withdraw his plea of guilty, and that he be permitted to enter a plea of not guilty. That he was not guilty of the crime charged against him, and his plea of guilty was for the purpose of securing the dismissal of the charges against his wife. That he was told by the court that his motion would be heard on the following Monday, and he was directed by the court to have his wife with him, together with the same dress she was wear-

ing on the night of the homicide. That he understood by this that if his plea of guilty was withdrawn, his wife would be put to trial immediately thereafter. His motion was heard by the court, and evidence taken thereon, and at the conclusion the court overruled the motion to permit him to withdraw his plea of not guilty, and pronounced sentence against him, giving him 25 years in the State Penitentiary. No appeal was taken by petitioner from the order above made.

Petitioner has served more than seven years in the State Penitentiary. He contends that he was not guilty of the crime charged, as above stated, and that "it was the duty of the court to order the clerk to enter a plea of not guilty and to give the defendant a jury trial, and therefore this petitioner says that the judgment and sentence pronounced against him by the court as aforesaid was and is illegal and void, and that he has been denied due process of law."

From the above statement, it will be readily observed that the petition for habeas corpus must be denied. There is nothing in the petition which shows that the judgment and sentence rendered against petitioner was void, and that this court would have jurisdiction on habeas corpus to release and discharge him. It is only when the judgment and sentence is void, or that the court did not have jurisdiction, that we have the right to release by habeas corpus. Ex parte Noble, 78 Okla. Cr. 105, 144 P. 2d 122.

Petitioner made no attempt to appeal from the judgment and sentence. There is no record before us giving the evidence that was taken before the court on the motion to permit the withdrawal of the plea of guilty. This court, on appeal, has been liberal in holding that a plea of guilty should be set aside upon timely motion by a de-

fendant. Neville v. State, 72 Okla. Cr. 250, 114 P. 2d 961, and cases therein cited; House v. State, 75 Okla. Cr. 291, 131 P. 2d 124; Bennett v. State, 75 Okla. Cr. 42, 128 P. 2d 253; 22 O. S. 1941, § 517.

But where no appeal is taken, this cannot be done by the granting of a writ of habeas corpus, and discharging the defendant from a sentence imposed where the court had jurisdiction, and where the judgment and sentence was not void. Habeas corpus can not be substituted for appeal. Ex parte Hummingbird, 78 Okla. Cr. 33, 143 P. 2d 166; Ex parte Cannes, 77 Okla. Cr. 71, 138 P. 2d 561; Ex parte Wright, 78 Okla. Cr. 157, 145 P. 2d 772; Ex parte Maynard, 79 Okla. Cr. 215, 153 P. 2d 505.

As has often been stated by this court, the Constitution has placed the power of clemency in the hands of the Governor of this state. Under the pardon and parole law of the state, opportunity for an investigation of the facts as alleged in the petition may be promptly and properly investigated and action taken thereon, as the facts justify. Ex parte Nye, 75 Okla. Cr. 155, 129 P. 2d 614.

For the reasons above stated, the petition for writ of habeas corpus is denied.

JONES, J., concurs. DOYLE, J., not participating.