## Ex parte ED SCHARNHAUS.

No. A-11107.   Oct. 27, 1948.
(198 P. 2d 1009.)

Ed Scharnhaus, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J.   Petitioner, Ed Scharnhaus, has filed petition for writ of habeas corpus, alleging that he is illegally detained and imprisoned in the Oklahoma State Penitentiary at McAlester.

As grounds for the issuance of the writ, it is alleged:

"That the evidence upon which the said commitment was based was in substance as follows, that is to say: your petitioner was arrested in the city of Tulsa by the officials of the Police Department of said City on March 14, 1946, upon a charge of rape and investigation.  He was turned over to the Sheriff's Office of Tulsa County, Oklahoma, on a charge of first degree of rape on June of 1947.  However, it is particularly vital and important that it be pointed out to this Honorable Court that your petitioner was released and freed from the charge in the year 1946 with *no conditions whatever* imposed upon him. Your petitioner was *not* out on bond.  Further, your petitioner was *not* tried and a suspended sentence imposed. The matter did not proceed beyond the stages of a preliminary hearing and arraignment in the said year of 1946.  *It was simply and unquaifiedly dropped.*  Then, fifteen months afterward the officials of the said County of Tulsa saw fit to reinstate the charge, apprehending your petitioner and bringing him to trial.

"And your petitioner further shows that by virtue of the foregoing he is illegally detained and imprisoned upon the following premises, to-wit:

"First, your petitioner was subjected to double jeopardy, being twice held and informed against on the

identically same charge, which was not amended or changed in any respect. Secondly, your petitioner hereby avers that the District Court of Tulsa County lost and was totally without jurisdiction in the said case, to-wit: Case No. 12,921, heard in said Court, and upon which a judgment and sentence of fifteen (15) years was rendered for the crime of first degree rape, on the 1st day of October, 1947, by virtue of the failure of the officials of the said County of Tulsa to extend your petitioner a constitutionally guaranteed speedy trial and hearing."

And in the concluding paragraph, petitioner states:

"And your petitioner respectfully requests that if this Honorable Court does not see fit to issue an order for his outright release that the Court will order that your petitioner's time be reduced to time served."

A response to the rule to show cause was filed by the Attorney General, denying the allegations of the petition, and attaching to the response a copy of the judgment and sentence of the district court of Tulsa county, showing that petitioner was sentenced to 15 years imprisonment from Tulsa county, where he was charged with rape in the first degree. By the terms of the judgment and sentence, it is stated that defendant entered his plea of guilty to the charge, and that his age was 49 years.

At the time this cause was set for hearing on the rule to show cause, there was no appearance by defendant. No proof was offered to in any way sustain the allegations set out in the petition.

It will be noted that no appeal was taken by petitioner from the judgment and sentence rendered, and the time for appeal has expired. The sentence imposed upon petitioner was the minimum provided by the law of this state where one is convicted of the crime of rape in the first degree. (21 O. S. 1941 § 1115.)

436

There is no proof before this court that petitioner was subjected to double jeopardy, or that the district court of Tulsa county was without jurisdiction to render the judgment and sentence against petitioner. It has often been held by this court that where it appears that the judgment and sentence was rendered by a court having jurisdiction over the person and subject matter, and with authority to render the particular judgment and sentence, that one will not be released upon habeas corpus, unless the judgment and sentence is void. Ex parte Cobler, 80 Okla. Cr. 25, 156 P. 2d 383; Ex parte Wallace, 81 Okla. Cr. 176, 162 P. 2d 205; Ex parte Wilson, 81 Okla. Cr. 233, 162 P. 2d 786; Ex parte Walker, 84 Okla. Cr. 190, 180 P. 2d 670.

It has also been held that the judgment and sentence can not be modified in a habeas corpus proceeding. Ex parte Cavers, 79 Okla. Cr. 262, 154 P. 2d 106; Ex parte Boots, 81 Okla. Cr. 293, 163 P. 2d 856.

For the reasons above stated, the petition for writ of habeas corpus is denied.

JONES and BRETT, JJ., concur.