# Ex parte ELMER MOORE.

No. A-11108.   Nov. 17, 1948.

(200 P. 2d 454.)

Elmer Moore, No. 48417, petitioner, pro se.

Mac Q. Williamson, Atty Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J.   Elmer Moore has filed petition in this court for writ of habeas corpus, seeking his release from the State Penitentiary at McAlester, where he is now confined by reason of a judgment and sentence of the district court of LeFlore county, sentencing him to serve a period of two years for the crime of burglary in the second degree.

A response was filed by the Attorney General on behalf of the respondent, Warden C. P. Burford, denying

all of the allegations of the petition, and setting up the judgment and sentence under which petitioner is being held.

At the time this case was submitted, no appearance was made by petitioner, and no proof was offered to sustain the allegations of his petition.

Petitioner's contention is that he was denied a preliminary examination. There is no proof in the record before us to support this contention, and in the absence of such proof, it will be presumed that petitioner was given every right to which he was entitled under the law. Killough v. State, 6 Okla. Cr. 311, 118 P. 620; Henry v. State, 10 Okla. Cr. 369, 136 P. 982, 52 L.R.A., N.S., 113; Ex parte Owen, 82 Okla. Cr. 415, 171 P. 2d 868.

Petitioner was sentenced upon a plea of guilty. No appeal was taken from the judgment and sentence, and the time for appeal has expired. We have often held that the writ of habeas corpus cannot be substituted for an appeal. Ex parte Cannes, 77 Okla. Cr. 71, 138 P. 2d 561; Ex parte Hummingbird, 78 Okla. Cr. 33, 143 P. 2d 166; Ex parte Noble, 78 Okla. Cr. 105, 144 P. 2d 122; Ex parte Darr, 84 Okla. Cr. 352, 182 P. 2d 521.

Petitioner in his brief attached to his petition refers to certain documents on file with the Pardon and Parole Board, and asks that the same be produced and considered by this court. Such evidence can only be considered by the Pardon and Parole Board, and would not be considered by this court, unless properly admitted in evidence.

In his petition, petitioner asks that if this court "does not see fit to issue an order for his outright release, that the court will instruct that his time be reduced to time served."

It has repeatedly been held by this court that the power of the Criminal Court of Appeals to modify a sentence is limited to appealed cases, and cannot be exercised in an original proceeding in habeas corpus. Okla. Const. Art. 6, § 10; 22 O.S. 1941 § 1066; Ex parte Cavers, 79 Okla. Cr. 262, 154 P. 2d 106; Ex parte Boots, 81 Okla. Cr. 273, 163 P. 2d 856; Ex parte Walker, 84 Okla. Cr. 190, 180 P. 2d 670.

For the reasons above stated, the petition for writ of habeas corpus is denied.

JONES and BRETT, JJ., concur.