## BROWN v. STATE.

No. A-11280.   Nov. 15, 1950.

(224 P. 2d 614.)

John N. Singletary and Clarence W. Myers, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.  The plaintiff in error, John C. Brown, who will hereinafter be referred to as defendant, was charged by information filed in the district court of Oklahoma county with the crime of larceny of domestic animals, was tried before a jury, convicted and his punishment fixed at confinement in the State Penitentiary for a period of five years, and judgment and sentence in accordance was duly entered.  Appeal has been perfected to this court.

Petition in error and case-made were filed herein on July 22, 1949, application for additional time to file brief was made within 60 days, and this court, on October 3, 1949, granted defendant 30 days additional time to file brief.  No brief has been filed, but on September 13, 1950, the case was submitted upon the record and oral argument.

We have examined the record and find no material errors.  Considering the sufficiency of the evidence, we find on behalf of the state that on December 20, 1948, one J. M. Noble was the owner of a 420-acre farm located in Oklahoma county northeast of the State Fair grounds, and had 90 to 100 head of cattle thereon; that the defendant maintained a corral south of Bryan street and near the Noble farm.

Mr. Noble testified that on or about the 20th or 21st of December, a cattle buyer came to his farm and parked his car on Tenth street, which ends in a dead end against his farm, and stated that he was looking for a colored man who had some cattle for sale, stating that he had bought seven head from him the day before.  Witness knew of no one in the vicinity with cattle for sale,

and from a description of the cattle purchased and a check of his cattle, found that he was seven head short and that the cattle described had been stolen from him. The cattle buyer, Charles Claussen, and his partner Tom Savage, had sold the cattle on December 20, 1948, the day of purchase, through the Farmers' Drive-In Commission Company, Oklahoma City, and received $755.04 therefor, and had paid the defendant $450 for the cattle. Witness Noble testified that two of the bulls sold were pure-bred bulls, kept for breeding purposes, and were worth $500 each, but he accepted $755.04 from the cattle buyers in that the animals had already been resold and hauled to various places over the state. Charles Claussen testified that John C. Brown, the defendant, 'phoned him to sell him some hogs and he went to defendant's corral, but the hogs were out and defendant said: "Let the hogs go, I am going to bring you some cattle next Sunday, and I want to try to sell you these cattle." Later defendant 'phoned him and witness and his partner drove in a pick-up to 1324 North Page and defendant informed them, "I couldn't get the cattle in the corral, but they are at the end of Sixteenth Street." Defendant went there with witness and the cattle had been fenced off by a garage. They purchased the seven head and defendant told them that he had three more head he had been unable to get in, but would do so later. Defendant wanted $650 for the seven head, but they traded for $450, and witness Claussen was looking for defendant to purchase the three head when witness made chance inquiry of Mr. Noble.

The evidence developed that the loss of the cattle was reported to the sheriff of Oklahoma county by J. M. Noble, witness Claussen accompanying Noble to the sheriff's office, and Deputy Sheriff Noah Richmond was assigned to the case, and thereafter arrested the defendant at the

Wilson & Co. packing plant. Deputy Richmond testified that defendant admitted stealing the cattle he had sold the cattle buyers, stating that he drove them from the Noble farm through the south gate, could not get them in his corral and when they got to the point on Sixteenth street where they were penned in that the street there was a dead-end street and he got some wire and fastened them in. The driving occurred before daylight. Defendant wrote out a statement in his own handwriting, stating that he drove the cattle from the Noble farm to Sixteenth street, driving them west on Tenth street to Bryan, and then north on Bryan to Sixteenth street, and then turned east to a lot where they were fastened up.

Defendant testified that he sold the cattle to the cattle buyers, as alleged, but claimed that he had agreed with one Novak that Novak might leave the cattle in defendant's corral and that he was to sell the cattle for Novak, but that Novak failed to get the cattle in the corral and when defendant got up before day on the 20 December he found the cattle out of the corral and attempted to drive them in, but they got out of control and he drove them to the dead end of Sixteenth street and there penned them up. Defendant admitted writing the statement for the sheriff, but denied telling the deputy that he drove the cattle from the Noble farm and out the south gate, but contended that the statement he signed was not intended as an admission that he stole the cattle, but only that he "drove them from the Noble farm", they being over by the Noble farm, but outside of it when he commenced driving them.

The deputy sheriff and the cattle buyers swore that the defendant never claimed to be selling the cattle in question for a man by the name of Novak, or even men-

tioned Novak, but stated that he raised part of the cattle and purchased part.

We conclude from a study of the entire record that there was sufficient competent evidence to support the verdict of the jury.

In Walker v. State, 89 Okla. Cr. 284, 207 P. 2d 341, 342, affirmed by Woods v. State, 92 Okla. Cr. 53, 220 P. 2d 463, this court held:

"Where the evidence is conflicting and different inferences may be drawn therefrom, it is the province of the jury to weigh the same and determine the facts.

"The function of the Criminal Court of Appeals is limited to ascertaining whether there is a basis, in the evidence, on which the jury can reasonably conclude that the accused is guilty as charged."

Defendant in motion for new trial and in petition in error sets out as error the action of the court in refusing to grant him a continuance in order that he might locate a person by the name of Novak, but whose initials defendant alleged he did not know, whom defendant claims authorized him to sell the cattle involved in the case and for the larceny of which defendant had been charged. The court had heard the motion, considered the affidavit in support thereof, and argument of counsel and had overruled the same. We have studied the affidavit and defendant's explanation of his dealings with the alleged Novak and do not find that the court erred in refusing a continuance. The evidence and surrounding circumstances brought out indicated Novak to be a phantom. Defendant did not know definitely where Novak lived, his initials, and he had never returned to get his money from the sale of the cattle, and defendant admitted that he had spent most of it.

In Inman v. State, 61 Okla. Cr. 73, 65 P. 2d 1228, 1229, this court said:

"In reviewing the refusal of a continuance, all the facts and circumstances disclosed by the record and testimony on the trial will be considered in determining whether or not the exercise of discretion by such court was abused in denying the application."

See, also, Howard v. State, 67 Okla. Cr. 445, 94 P. 2d 947; Rucker v. State, 64 Okla. Cr. 259, 79 P. 2d 629; Jenkins v. State, 80 Okla. Cr. 328, 161 P. 2d 90, 162 P. 2d 336; Hall v. State, 87 Okla. Cr. 191, 196 P. 2d 703.

The case is affirmed.

JONES, P. J., and BRETT, J., concur.