Etoye A. COTTRELL, Petitioner,

v.

H. C. McLEOD, Warden of the Oklahoma
State Penitentiary, Respondent.

No. A–12720.

Court of Criminal Appeals of Oklahoma.

July 15, 1959.

Sid White, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Etoye A. Cottrell seeks release from the State Penitentiary at McAlester, where he is serving a sentence of 40 years imposed by the district court of Johnston County on September 3, 1950, in a case where petitioner was charged with the crime of first degree robbery, and entered a plea of guilty.

In his original petition, prepared by petitioner without aid of counsel and filed in this Court on January 2, 1959, it is alleged that defendant "was never offered the as-

sistance of counsel, and that during his trial and when he was sentenced he was without counsel. That petitioner's case being a capital case, the court had no jurisdiction to try and sentence him without legal assistance of counsel."

To this petition response was filed by the Attorney General on February 18, 1959 in the form of a demurrer, calling attention to the fact that the allegations of the petitioner were not supported by affidavit or other proof, and that petitioner did not allege facts sufficient, as a matter of law, to entitle him to be released on a writ of habeas corpus.

The matter was set for hearing in this Court for February 25, 1959. In the meantime petitioner employed an attorney, who appeared and orally argued the petition in his behalf. An order was entered granting both petitioner and respondent additional time to file further pleadings, and on March 18, 1959 an amended petition was filed on behalf of the petitioner.

It is alleged in the amended petition that the petitioner was committed for trial by an examining magistrate on September 30, 1950. The justice docket entry on preliminary examination attached as Exhibit A supports this allegation. It shows that the preliminary information was filed on September 18, 1950. It is alleged and shown that on the same day petitioner was committed by the examining magistrate, he was informed against in the district court of Johnston County, and on a plea of guilty was sentenced to the State Penitentiary. It is reiterated that defendant was not furnished counsel. It is further stated that the preliminary information and the information filed in the district court each failed to negative that the property alleged to have been taken was not the property of petitioner.

It is further alleged:

"That the petitioner was deterred from insisting upon his right to counsel by the conduct and threats of the sheriff and ex-officio jailer of said county where petitioner was imprisoned for when he asked to see an attorney said official answered 'that I didn't need one, and one couldn't do me any good, because he was gonna get me the electric chair or life sentence.'"

It is next alleged:

"That said judgment and sentence constitutes a fraud upon this petitioner in that he was induced to enter a plea of guilty by the promise of the county attorney to recommend fifteen (15) years imprisonment as a sentence for his offense, and which said promise said officer violated.

"That the punishment inflicted upon petitioner is grossly excessive in that the alleged offense was not aggravated, no person suffered any bodily harm or abuse and petitioner would not have entered said plea of guilty but for the conduct and threats of said sheriff, and false promises of said county attorney."

To the amended petition filed on March 18, 1959, the Attorney General filed a response on March 20, 1959 in the nature of a general denial, and oral argument was again heard on April 15, 1959. The respondent attached a photostatic copy of the judgment and sentence entered, and at hearing petitioner offered a certified copy of the court clerk's minutes. The respondent offered in evidence an affidavit from W. J. Monroe, the Judge who sentenced petitioner, and an affidavit from Everett Stewart, the sheriff of Johnston County at the time of sentencing. The then county attorney, it was made to appear, had been deceased for many months.

■ Considering the first proposition, that the information was void and failed to confer jurisdiction on the court in that the information failed to negative that the property alleged to have been taken was not the property of petitioner, we consider the charging part of the information, which reads:

"That the said Etoye A. Cottrell and Charles Lesley, acting conjointly and together, in said county and state

aforesaid, on or about the day and year aforesaid did knowingly, willfully, wrongfully and feloniously, make an assault in and upon one Frank Hull and wife Mrs. Frank Hull with certain weapons, to-wit: a sawed-off 16 gauge shot gun and a .22 calibre pistol, then and there held in the hands of each of them, the said Etoye A. Cottrell and Charles Lesley, acting conjointly and together, and who did then and there point the said firearms at the said Frank Hull and Mrs. Frank Hull and make demand for their money and property, and thereby putting the said Frank Hull and Mrs. Frank Hull in great fear of an immediate injury to their lives and persons by thus threatening to shoot them, and did then and there, by use of said force and firearms and putting in fear, unlawfully, willfully, wrongfully and feloniously and against the will of them the said Frank Hull and Mrs. Frank Hull, demand, rob, take, steal and carry away from them the said Frank Hull and Mrs. Frank Hull, certain personal property to-wit: Approximately $450.00 in currency and coin, good and lawful money of the United States of America, with the unlawful, wrongful and felonious intent then and there on the part of them the said Etoye A. Cottrell and Charles Lesley to rob and deprive the said Frank Hull and Mrs. Frank Hull of said money and property and to convert the same to the use and benefit of them, the said Etoye A. Cottrell and Charles Lesley; * * *."

21 O.S.1951 § 791 defines robbery as follows:

"Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

It is our conclusion that the information is sufficient to charge the crime of robbery, and on collateral attack to sufficiently negative the idea that the property taken was not the property of petitioner. See Sparkman v. State, 67 Okl.Cr. 245, 93 P.2d 1095; Inman v. State, 61 Okl.Cr. 73, 65 P.2d 1228; Traxler v. State, 96 Okl.Cr. 231, 251 P.2d 815.

In Ex parte Brown, 77 Okl.Cr. 96, 139 P.2d 196, this Court said:

"Unless information is fatally defective and wholly insufficient to confer jurisdiction on district court to sentence petitioner for alleged crime, Criminal Court of Appeals will not interfere on habeas corpus to grant prisoner's release from confinement in state penitentiary because of alleged defective information under which accused was sentenced."

Considering the claim of petitioner that certain of his constitutional rights enumerated were violated; at hearing both the petitioner and the respondent offered in evidence certified copies of the minute of the court clerk made in case No. 1558 on September 21, 1950, in the District Court of Johnston County. The minute reads:

"The State of Oklahoma vs. Etoye Cottrell and Charles Lesley. No. 1558, charged with 1st degree robbery under date of 9–21–50. Etoye A. Cottrell and Charles Lesley brought into court from County jail and information is presented to court by Wm. D. French, Co. Atty. They are informed of their statutory right to have an attorney and wait 24 hours to plead; they waive those rights and plead guilty. Upon recommendation of County Attorney they are each sentenced to forty (40) years in state penitentiary at McAlester, Oklahoma."

The affidavit of Judge W. J. Monroe, the trial judge, reads:

"W. J. Monroe, being first duly sworn, states:

"That he is now, and was on the dates hereinafter mentioned, one of the duly elected, qualified and acting District Judges of the 20th Judicial

District of the State of Oklahoma, and that Johnston County, Oklahoma, is one of the counties in said Judicial District.

"That he was the presiding Judge on the 21st day of September, 1950, when the petitioner, Etoye A. Cottrell, and one Charles Lesley were brought into Court from the County jail and arraigned in the District Court of Johnston County, Oklahoma, at Tishomingo, Case No. 1558, on a charge of robbery in the first degree, and entered a plea of guilty to said charge and received a sentence of forty (40) years in the State Penitentiary.

"At the time of arraignment, and prior to entering their pleas of guilty, and prior to pronouncing judgment and sentence, the said Etoye A. Cottrell, and the co-defendant, Charles Lesley, were fully advised by the Court of every right they possessed under the law. I offered to appoint counsel for them, and they declined for the reason, they said, that they had worked out an agreement with the County Attorney, W. D. French (now deceased); that the County Attorney recommended a sentence of 40 years, and the defendants were asked if they knew ahead of time what the recommendation of the county attorney was going to be, and they stated to the Court that they did know prior to entering their pleas of guilty and that the County Attorney was going to recommend a sentence of 40 years. They were also advised that they could take 24 hours in which to plead to the information, but waived time to plead. They made no request for the appointment of counsel, nor showed any desire to have a trial for the crime with which they were charged.

"If said defendants were induced to enter their pleas of guilty due to any threats or promises on the part of either the sheriff or county attorney, or by any other officer with authority, the matter was never called to the attention of the Court.

"/s/ W. J. Monroe."

The affidavit of Everett Stewart, sheriff of Johnston County on September 21, 1950, reads:

"Everett Stewart, being first duly sworn, states:

"That he was the Sheriff of Johnston County, Oklahoma, on the 21st day of September, 1950, when the Petitioner, Etoye A. Cottrell, and one Charley Lesley, were arraigned before Judge W. J. Monroe in the District Court of Johnston County, Oklahoma, at Tishomingo, in case No. 1558, and entered pleas of guilty to a charge of robbery in the first degree, and each received a sentence of forty (40) years in the State Penitentiary at McAlester, Oklahoma.

"Affiant further states that at no time did he make any threats against either the said Etoye A. Cottrell or the said Charley Lesley, which caused or induced them to enter pleas of guilty to said charge of robbery in the first degree.

"Affiant further states that he did not tell the said Etoye A. Cottrell that he didn't need an attorney, or that an attorney couldn't do him any good, because he (affiant) was going to see that he got the electric chair or a life sentence.

"Affiant further states that he made no threats or promises of any nature as an inducement for the said Etoye A. Cottrell to enter a plea of guilty to said charge. That insofar as he knows, Cottrell freely and voluntarily entered his plea of guilty after an understanding with the County Attorney W. D. French (now deceased), that he would recommend a sentence of forty (40) years in the penitentiary.

"Affiant further states that he has no knowledge of any promise or agreement between Cottrell and the former

County Attorney W. D. French (now deceased), that he (French) would recommend for Cottrell, upon a plea of guilty, a sentence of 15 years in the penitentiary.

"/s/ Everett Stewart".

In a memorandum brief, counsel for petitioner says:

"If the judgment roll in the Cottrell case had disclosed what Judge Monroe's affidavit stated I would not have accepted employment from the petitioner, or urged relief upon you."

It is argued that the minute in itself is insufficient to show that petitioner was advised of his right to aid of counsel and that if he was unable to employ counsel the Court would furnish counsel; that Title 22 O.S.1951 § 977 makes it the duty of the Court Clerk to make a full minute of the proceedings, and that 22 O.S.1951 § 464 provides:

"If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desire aid of counsel. If he desires, and is unable to employ counsel, the court must assign counsel to defend him."

■ By rule of court where the court clerk's minute of proceedings in a case may be incomplete, it has been the policy of this court in habeas corpus actions to permit the minute to be supplemented at hearing by affidavit or testimony of the Court or officials who might have personal knowledge of the matters in question. Ex parte Bradley, 72 Okl.Cr. 107, 113 P.2d 611; Ex parte Meadows, 70 Okl.Cr. 304, 106 P.2d 139. This for the purpose of explaining or supplementing the record, rather than contradicting it. 21 C.J.S. Courts § 237, p. 444; Irvin v. Zerbst, 5 Cir., 97 F.2d 257–258, certiorari denied 305 U.S. 597, 59 S.Ct. 97, 83 L.Ed. 379.

In Ex parte Bradley, supra, the minute of the court clerk was not nearly as complete as in the within case. The Court, after enumerating the constitutional rights of the defendant, said [72 Okl.Cr. 107, 113 P.2d 615]:

"These minutes are not as full as they should have been under the facts as disclosed by the affidavits of the court attaches who were present at the time of the arraignment and plea of guilty by the petitioner. The presumption created by the absence of the recital of the waiver of these rights in the minutes of the court and in the journal entry of judgment and sentence, however, has been overcome by the testimony of the court officials, which shows that the proceedings upon the arraignment of the defendant were regular and that the court had jurisdiction to pronounce judgment and sentence against the accused upon his plea of guilty.

"As was said in Ex parte Meadows, supra, the question as to whether one accused of crime has waived his right to the assistance of counsel and of his other rights, which may be waived by him, must depend in each case upon the particular facts and circumstances surrounding that case, and no abstract rules of law may be set forth which will be applicable to every case."

■ We conclude from the minute of the court, supplemented by the affidavit of the sentencing judge, W. J. Monroe, and the sheriff, Everett Stewart, that petitioner had his constitutional right to be represented by counsel explained to him by the court, and was advised that if he did not have an attorney that the court would appoint one to defend him, but that petitioner freely, understandingly and voluntarily waived the right to be represented by counsel and tried before a jury. Such interpretation of the record and evidence is buttressed by the fact that petitioner has waited for eight years, and until after the death of W. D. French, county attorney, who he claims agreed to recommend a lighter sentence, to speak up.

■ The claim that the sentence is excessive cannot be considered in a habeas

corpus action. This Court has no jurisdiction to modify in such action. Ex parte Moore, 88 Okl.Cr. 105, 200 P.2d 454; 22 O.S.1951, § 1066; Okl.Const. Art. VI, § 10. And of course robbery with firearms provides for a maximum punishment of death, or imprisonment at hard labor in the State Penitentiary for a period of time not less than five years, at the discretion of the court or the jury trying the same. 21 O.S. 1951, § 801.

Writ denied.

NIX and BRETT, JJ., concur.