Jimmie Max HIRST, Petitioner,

v.

Robert R. RAINES, Warden Oklahoma State Penitentiary, Respondent.

No. A–13132.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1962.

Jimmie Max Hirst, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original proceeding by writ of habeas corpus wherein petitioner seeks his release from the state penitentiary. The

record before this court reveals that petitioner is being restrained of his liberty and is confined in the Oklahoma State Penitentiary on account of a judgment and sentence made and entered on the 31 day of August, 1960 in the district court of Kay county, Oklahoma, case #4081, wherein petitioner plead guilty to the crime of robbery with firearms and received a sentence of 10 years in the state penitentiary.

Petitioner seeks his release upon the grounds that he was denied due process of law in that the information stated two separate offenses, to-wit: robbery with firearms and larceny of an automobile. The information about which petitioner complains is attached to his petition. The Court has carefully read the information and though it is by no means a model one, it is sufficient to confer jurisdiction upon the district court for the offense of robbery with firearms. The record reflects that the court advised petitioner of his constitutional rights and appointed him counsel who conferred with petitioner before his plea of guilty. To the information there was no motion to quash or demurrer; the record is void of any objection to the information prior to the plea of guilty and was raised for the first time by the writ some eleven months after judgment had been rendered.

 This court has held heretofore in the case of Cottrell v. McLeod, 342 P.2d 240 as follows:

"Unless an information is fatally defective and wholly insufficient to confer jurisdiction on district court to sentence [accused] for alleged crime, Criminal Court of Appeals will not interfere on habeas corpus to grant [accused's] release from confinement because of alleged defective information under which accused was sentenced."

If petitioner had been serious about his contention he should have filed a motion to quash the information and if overruled he should have sought relief by direct appeal. Poor precedent would be established to permit one to remain silent as to contention of error during trial, and ignore appeal and seek release by way of habeas corpus. The court has been most consistent in prohibiting the habeas corpus from becoming a substitute for appeal.

We are unable to find merit in petitioner's contention that he was denied due process. Petitioner was advised of legal and constitutional rights. He was appointed counsel by the court and after consultation with his attorney entered a plea of guilty all of which is reflected by the record. The information in the court's opinion was sufficient to give the trial court jurisdiction. The court had jurisdiction of the subject matter, the person, and the right to pronounce the sentence.

Therefore the writ is denied.