Oren D. MORGAN, Petitioner,

v.

The STATE of Oklahoma, and Ray Page,
Warden of the State Penitentiary,
McAlester, Respondents.

No. A–13400

Court of Criminal Appeals of Oklahoma.

July 31, 1963.

Oren D. Morgan, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

NIX, Judge.

Original proceeding in which the petitioner, Oren D. Morgan, seeks a Writ of Habeas Corpus, granting his release from the State Penitentiary at McAlester, Oklahoma. Petitioner plead guilty to the crime of Forgery Second Degree before the District Court of Noble County, Oklahoma. He does not allege that the plea was involuntary or inadvertent; but only that he did not have counsel.

This Court cannot assume jurisdiction from the unverified petition filed herein. Petitions for habeas corpus should have attached certified copy of information or indictment, as case might be, together with verdict and judgment, and copy of minutes of court, and should further be supported by affidavits from officials or others with personal knowledge of facts surrounding entry of plea of guilty. (See, In re Smith, Okl.Cr., 339 P.2d 796.)

The previous rulings of this Court have held consistently:

"The sole question in Habeas Corpus proceeding instituted by inmate of the penitentiary under commitment of plea of Guilty to a felony charge, is whether judgment pronounced against this inmate was void." See Lindsey v. State, Okl.Cr., 374 P.2d 628, 629, and cases cited therein.

And, further, that:

In habeas corpus proceeding for release from confinement in state penitentiary under judgment imposing sentence on plea of guilty of robbery by force, to a felony, allegations of petition are insufficient to sustain burden of showing that proceedings before district court were so irregular as to deprive it of jurisdiction to render such judgment. Allen v. Raines, Okl.Cr., 360 P.2d 949.

Inasmuch as the petition filed in said cause wholly and completely fails to invoke the

jurisdiction of this Court, the petition for Writ of Habeas Corpus is accordingly denied.

BUSSEY, P. J., and JOHNSON, J., concur.