**Loretha ALBERTY, Petitioner,**

**v.**

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–13499.**

Court of Criminal Appeals of Oklahoma.

April 21, 1964.

Loretha Alberty, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Presiding Judge.

This is an original action in habeas corpus instituted by Loretha Alberty to secure her release from confinement in the State Penitentiary.

The verified petition alleges that petitioner was charged by information in

the district court of Tulsa County, Oklahoma, with the crime of second degree burglary, and that she was sentenced to a term of two years for such crime. Petitioner does not attach copy of the information, the judgment and sentence, or the minutes of the court.

In Morgan v. State, Okl.Cr., 384 P.2d 408, this Court said:

"Petitions for habeas corpus should have attached certified copy of information or indictment, as case might be, together with verdict and judgment, and copy of minutes of court, and should further be supported by affidavits from officials or others with personal knowledge of facts surrounding entry of plea of guilty. (See, In re Smith, Okl.Cr., 339 P.2d 796.)"

The Attorney General has filed a response in behalf of the Warden, and attached copy of the judgment and sentence rendered against the petitioner. Such judgment and sentence shows that the petitioner herein was represented by an attorney, and that she entered a plea of guilty to the charge against her.

This Court has many times held that in a petition for habeas corpus by a prisoner in custody under sentence, our inquiry is limited to whether the court sentencing accused had jurisdiction of the person of the accused, and of the crime charged, and if it had jurisdiction to enter the judgment and sentence. Ex parte Cannes, 77 Okl.Cr. 71, 138 P.2d 561 and cases cited; Bolton v. McLeod, Okl.Cr., 294 P.2d 586.

Inasmuch as the petition filed herein wholly and completely fails to invoke the jurisdiction of this Court, the petition for writ of habeas corpus is denied.

BUSSEY and NIX, JJ., concur.