**Robert W. E. BATTLE, Petitioner,**

**v.**

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, and the State of Oklahoma et al., Respondents.**

**No. A–13627.**

Court of Criminal Appeals of Oklahoma.

March 3, 1965.

Robert W. E. Battle, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Presiding Judge.

This is an original proceeding instituted by Robert W. E. Battle seeking his release from confinement in the State Penitentiary at McAlester, Oklahoma, where according to his petition he is being currently confined under authority and by virtue of a judgment and sentence rendered against him in the District Court of Oklahoma County on the 5th day of February, 1964 fixing his punishment at five years imprisonment for the crime of Carrying a Concealed Weapon After Former Conviction of a Felony.

This application, although verified, was not accompanied by certified copy of information or indictment under which petitioner was prosecuted, nor did it have attached thereto certified copy of the judgment and sentence or the minutes of the court, nor was it accompanied by affidavits of court officials or others with personal

knowledge of the facts surrounding petitioner's plea of guilty.

To this application the respondents have filed a motion to dismiss asserting in said motion the application, unaccompanied by a certified copy of the judgment and sentence, minutes of the court or affidavits of the court officials or others with personal knowledge of the facts surrounding petitioner's plea of guilty, is insufficient to invoke the jurisdiction of this court.

We are of the opinion that the respondents motion to dismiss should be, and the same is hereby sustained for in order to invoke the jurisdiction of this court, petitions for habeas corpus should have attached certified copy of information or indictment, as case may be, together with verdict and judgment, copy of the minutes of court, and should further be supported by affidavits from officials or others with personal knowledge of facts surrounding plea of guilty. See Alberty v. Page, Okl.Cr., 391 P.2d 823.

The motion to dismiss application for habeas corpus is sustained and application for habeas corpus dismissed.

NIX and BRETT, JJ., concur.

